Jerrold Eugene TIBBETTS, Appellant,

v.

Elsie Mae McKernan
TIBBETTS, Appellee.

No. 05-83-01078-CV.

Court of Appeals of Texas,
Dallas.

Sept. 25, 1984.

Bill W. Bailey, Dallas, for appellant.

Ann S. Fritts, Dallas, for appellee.

Before STEPHENS, WILLIAMS[1] and CHADICK,[2] JJ. (Retired).

CLAUDE WILLIAMS, Justice (Retired).

Appellant and appellee formerly lived in Tennessee and were divorced in Tennessee by a final judgment of the Chancery Court of McMinn County, Tennessee. Such final judgment provided that appellant would pay appellee the sum of $600.00 a month as alimony as authorized by Tennessee law. Subsequent to the divorce decree both parties moved to Texas and are now residents of this state. This action was originally filed by appellant seeking a modification of the alimony provisions of the Tennessee decree. Appellee responded and sought by counterclaim recovery of a money judgment against appellant for monthly alimony payments which had accrued and were unpaid up to the time of trial, together with reasonable attorney's fees. Following a bench trial, the trial court found that appellant was not entitled to modification of the Tennessee final judgment; further found that as a result of stipulation of the parties, alimony in the amount of $3,600.00 was due and unpaid for the period of December 1982 through May 1983. The trial court further found that appellee was entitled, under Tennessee law, to recover reasonable attorney's fees for collection of unpaid alimony and awarded the sum of

---

1. The Honorable Claude Williams, Chief Justice, Fifth Supreme Judicial District, Retired, sitting by assignment.

2. The Honorable T.C. Chadick, Justice, Supreme Court of Texas, Retired, sitting by assignment.

$2,542.35 to be paid to appellee's attorney in this cause. Appellant appeals contending (1) that the trial court did not have jurisdiction of the case; and (2) that the award of attorney's fees was not supported by the evidence.

We affirm in part and reverse and remand in part.

In his first two points of error appellant, without citing any authority in support thereof, contends that the Texas trial court should have dismissed his suit for modification and not considered the claim of alimony on the merits because, he contends, under Tennessee law, the Tennessee court retained exclusive jurisdiction to increase or decrease alimony. TENN.CODE ANN. para. 36–820(a), (i) (Supp.1983). We disagree with this contention.

In the first place, appellant having invoked the jurisdiction of the Texas court to hear his modification claim cannot now question that jurisdiction. *Gaspard v. Gaspard*, 582 S.W.2d 629, 631 (Tex.Civ. App.-Beaumont 1979, no writ); *Moore v. Moore*, 430 S.W.2d 247, 250 (Tex.Civ.App.-Dallas 1968, writ ref'd n.r.e.) and *Spence et ux v. State National Bank of El Paso*, 5 S.W.2d 754 (Tex.Comm'n App.1928).

The Texas court, under the Full Faith and Credit Clause of the United States Constitution, U.S.C.A. Const. art. 4 sec. 1, had complete authority to make any modification of the Tennessee divorce decree which the Tennessee court could have made had the modification suit been instituted in Tennessee. *New York ex rel. Halvey v. Halvey*, 330 U.S. 610, 67 Sup.Ct. 903, 91 Law Ed. 1133 (1947); *Hollis v. Hollis*, 508 S.W.2d 179, 183 (Tex.Civ.App.-Amarillo 1974, no writ). Appellant's points of error one and two are overruled.

In his remaining points of error appellant attacks the trial court's award of attorney's fees on several grounds. He first contends that there is no basis in Texas law for awarding attorney's fees in a case of this kind. It is settled law that an award for attorney's fees must be based upon on some statutory or contractual authority. *New Amsterdam Casualty Co. v. Texas Industries Inc.*, 414 S.W.2d 914, 915 (Tex.1967); *City of Dallas v. Watkins*, 651 S.W.2d 923, 926 (Tex.App.—Dallas 1983, no writ). We have found no authority to support an award of attorney's fees in a suit to enforce a foreign judgment for alimony. However, the parties to this suit stipulated that Tennessee law governs this action. The suit was tried under TENN.CODE ANN. para. 36–822 (Supp.1983), which provides for attorney's fees in suits to enforce decrees for alimony and support. On appeal a party is restricted to the theory on which the case was tried in the lower court. *Sorrells v. Coffield*, 144 Tex. 31, 187 S.W.2d 980, 981 (1945); *Texas Rubber Supply Inc. v. Jetslide International, Inc.*, 470 S.W.2d 270, 272–73 (Tex.Civ.App.—Tyler 1971, writ ref'd n.r.e.). We conclude that the trial court correctly applied Tennessee law, as opposed to Texas law, on the issue of attorney's fees.

Finally, appellant contends that there was no evidence or insufficient evidence to support the award of attorney's fees. In support of her claim for attorney's fees Mrs. Tibbetts presented the testimony of one of her attorneys who detailed the amount of time spent on the case and the reasonable cost therefor. However, the testimony did not segregate the amount of time spent defending against Mr. Tibbetts' modification claim and establishing Mrs. Tibbetts' claim for arrearages. The Tennessee law relied on provides for attorney's fees incurred in collecting delinquent alimony payments, but there is no provision for the allowance of attorney's fees for defending a suit for modification. In such a situation it is necessary to segregate the amount of time spent on the claim for which attorney's fees are recoverable under Tennessee law and the claim for which they are not recoverable. *International Security Life Insurance Co. v. Finck*, 496 S.W.2d 544, 546–47 (Tex.1973); *American National Bank & Trust Co. v. First Wisconsin Mortgage Trust*, 577 S.W.2d 312, 320 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.).

Mrs. Tibbetts contends that the facts necessary to defeat Mr. Tibbetts' claim were the same as were necessary to prove her own claim. In such a situation it is not necessary to segregate the time spent. *Wilkins v. Bain,* 615 S.W.2d 314, 315–16 (Tex.Civ.App.—Dallas 1981, no writ); *Damstra v. Starr,* 585 S.W.2d 817, 821 (Tex.Civ.App.—Texarkana 1979, no writ). However, a careful examination of the evidence produced at trial demonstrates that almost exclusively the time spent by Mrs. Tibbetts' attorneys had to do with the defense of modification. Mr. Tibbetts attempted to show that due to changed circumstances, and the fact that Mrs. Tibbetts was receiving support from another man, that she no longer needed alimony. Mrs. Tibbetts produced evidence to show that she was still in need and was not receiving other support. These facts do not appear relevant to Mrs. Tibbetts' claim for arrearages but relate to the question of modification. Because the facts necessary to establish her claim for delinquent payment of alimony are not the same as those necessary to defeat the claim for modification, it was clearly incumbent upon her to segregate the amount of attorney's time spent on the two claims. This she has failed to do and therefore there is insufficient evidence to support the award of attorney's fees granted by the trial court.

The judgment of the trial court denying modification of the Tennessee decree is affirmed and that part of the judgment awarding attorney's fees is reversed and remanded to the trial court.

Affirmed in part and reversed and remanded in part.