736 S.W.2d 919 (1987)
BENTLEY VILLAGE, LTD., Bruce Linscott, and George T. Slaughter, Appellants,
v.
NASITS BUILDING COMPANY, Appellee.
No. 12-86-0245-CV.
Court of Appeals of Texas, Tyler.
August 31, 1987.
Douglas A. Crawley, Johnson & Swanson, Dallas, for appellants.
Wayne Allen, Rountree & Allen, Jack Norwood, Tyler, for appellee.
COLLEY, Justice.
This is a summary judgment case involving a written contract for construction of a *920 multiunit apartment complex. The trial court granted a summary judgment in favor of Nasits Building Company, plaintiff/appellee, against defendants/appellants, Bentley Village Limited, a Texas limited partnership, and its two general partners, Bruce Linscott and George T. Slaughter. In this opinion we will refer to the appellants collectively as "Bentley."
Bentley presents six points of error by which it contends the trial court abused its discretion in severing out its counterclaim against Nasits, erred in granting the summary judgment based on a sworn account, and erred in granting the summary judgment against the general partners individually. We reverse the judgment and remand the cause for further proceedings.
The record discloses the following: On October 21, 1983, Bentley, as owner, entered into a comprehensive contract with Nasits, contractor, for the construction of a 292 unit apartment complex on land owned by Bentley in Fort Worth. On July 16, 1985, Nasits filed suit against Bentley Village, Ltd., Bruce Linscott, and George T. Slaughter to recover monies alleged to be due under the contract for labor and materials incorporated in the project and contractors' and attorneys' fees. On May 12, 1986, Nasits filed its first amended original petition in the suit. By this pleading, Nasits reasserted its action on the contract, and alternatively sought recovery for the same damages by pleading a sworn account under Tex.R.Civ.P. 185.[1]
On May 28, 1986, Bentley filed its "First Supplemental Answer," reading in part:

I.
Bentley denies that the amount set forth in Plaintiff's sworn account which is the basis of Plaintiff's First Amended Original Petition, $454,847.99, is just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed.
On June 27, 1986, Bentley filed a pleading designated "Defendant's First Amended Original Answer," reading in part:

II.
Defendant denies that the amount set forth in Plaintiff's sworn account which is a basis of Plaintiff's First Amended Original Petition, $454,847.99, is just and true, that it is due, and that all just and lawful offsets, payments, and credits have been allowed.

III.
Furthermore, Nasits failed to perform its duties under the Contract in a timely manner and failed to substantially complete the construction of the Project. By reason of such breaches, Nasits is barred from recovering the sums sought in its First Amended Original Petition.

VI.
In addition, Nasits is estopped from recovering the sums alleged in its First Amended Original Petition by reason of its representations and warranties as to the amount of cost overruns to be incurred and upon which Bentley relied to its detriment.

VIII.
Alternatively, Bentley is entitled to offset against any amounts recovered by Plaintiff for all damage and loss incurred by Bentley as a result of Plaintiff's negligent and unworkmanlike and untimely performance of its duties under the Contract including, but not limited to, costs charged to Bentley which are not properly recoverable under the Contract and all sums necessary to remedy the defects and deviations in the construction work.
The supplemental answer was verified by the affidavit of appellant Bruce Linscott in the following form, to wit: *921 VERIFICATION
STATE OF TEXAS § COUNTY OF SMITH §
BEFORE ME, the undersigned notary public, on this day personally appeared Bruce Linscott, who being by me duly sworn on his oath deposed and said that he is the managing partner of Bentley Village Limited, Defendant in the above entitled and numbered cause; that he has read the foregoing Defendant's Supplemental Answer; and that the allegations contained therein are within his personal knowledge and are true and correct.
 /s/ Bruce Linscott
 BRUCE LINSCOTT
SUBSCRIBED AND SWORN TO BEFORE ME on the 27th day of May, 1986 to certify which witness my hand and official seal.
 /s/ Wanda Vance
 Notary Public in and for
 the State of Texas
My Commission Expires:
 1-04-89
The amended original answer was verified by affidavit of Bruce Linscott, in the following form, to wit:

VERIFICATION
STATE OF TEXAS § COUNTY OF DALLAS §
BEFORE ME, the undersigned notary public, on this day personally appeared Bruce V. Linscott, who, being by me duly sworn on his oath, deposed and said that he is the duly appointed representative for Defendant Bentley Village, Limited in the above-entitled and numbered cause; that he has read the foregoing Defendant's First Amended Original Answer; and that the allegations contained therein are within his personal knowledge and true and correct.
 /s/ Bruce V. Linscott
 Bruce V. Linscott
SUBSCRIBED AND SWORN TO BEFORE ME on the 25th day of June, 1986, to certify which witness my hand and official seal of office.
 /s/ (signature illegible)
 Notary Public in and for
 The State of Texas
My Commission Expires:
 12-22-87
Nasits moved for summary judgment, alleging that the "pleadings, deposition,[2] and affidavits on file herein show that there is no genuine issue as to any material fact ... [and] movant is entitled to a summary judgment herein as a matter of law."
The affidavit of Clyde Richardson, an employee of Bentley at the time the work was performed, was attached in support of the summary judgment motion. In summary, Richardson stated that Nasits substantially completed the work on the project timely and in a satisfactory manner. Bentley filed a response to the motion supported by the affidavit of Linscott. Suffice it to say, according to Linscott, the construction was not substantially completed within the time limits of the contract in accordance with the plans and specifications set forth in the various contract documents. Linscott stated with specificity that interior painting was not completed, that carpeting and appliances in the units were paint damaged, that the sprinkler system was improperly installed, that the landscaping was not done according to plans and specifications, that the sheetrock installed in the units was substandard, that the carpeting was improperly installed, and that the plumbing was poorly done, resulting in water damage.
Bentley by its second amended counterclaim alleged numerous breaches of the contract by Nasits, including defects in materials furnished and work performed, the failure of Nasits to provide proper supervision of the work, Nasits' failure to substantially complete the work within the time *922 allowed by the contract, and the failure of Nasits to keep the construction site clean.
On July 29, 1986, the trial court severed Bentley's counterclaim from the suit brought by Nasits. On July 30, 1986, the trial court granted Nasits' motion for summary judgment as to Bentley, but the judgment did not dispose of Nasits' cause of action against Alsave, Inc. joined as a defendant in the suit by Nasits by its amended petition. On July 31, at Nasits' request, the trial court withdrew the July 30 summary judgment and signed an "amended summary judgment," granting Nasits' summary judgment motion against Bentley, but rendering a take-nothing judgment against Nasits as to Alsave, Inc.
Bentley argues under its second point of error that the summary judgment cannot rest on the account pleaded by Nasits because Bentley denied that account under oath as provided by Rule 185. We agree, and sustain the point.
Rule 185 provides that unless a party against whom an action on a sworn account has been asserted, timely files a "written denial, under oath, he shall not be permitted to deny the claim, or any item therein, as the case may be. No particularization or description of the nature of the component parts of the account or claim is necessary unless the trial court sustains special exceptions to the pleadings."
Rule 93 provides in part,
A pleading setting up any of the following matters ... shall be verified by affidavit. . . .
(10) A denial of an account which is the foundation of the plaintiff's action, and supported by affidavit.
Nasits leveled no special exceptions against Bentley's denial of the account. Therefore Bentley's sworn denial of the account is sufficient under the rules to destroy "the evidentiary effect of the ... account. . . .," and put Nasits to proof of its claim. Rizk v. Financial Guardian Insurance Agency, Inc., 584 S.W.2d 860, 862 (Tex.1979); cf. Vance v. Holloway, 689 S.W.2d 403 (Tex.1985). Hence, the summary judgment cannot be supported by the account pleaded by Nasits.
Bentley asserts by its point of error one that the rendition of the summary judgment was precluded by the existence of genuine issues of fact material to Nasits' action on the contract. The summary judgment evidence[3] introduced by Bentley clearly raised fact issues as to whether Nasits performed the work in compliance with the plans and specifications governing the contract, specifically, whether defects in the workmanship and materials incorporated in the work existed. This evidence also put into issue the fact question of whether the work was substantially completed by Nasits within the time required by the contract. Such evidence is presumed to be true,[4] and supports Bentley's affirmative defense[5] of offset. Point one is sustained.
Bentley claims under points five and six that the court abused its discretion in severing its counterclaim from Nasits' suit on the contract. Nasits argues correctly that a trial court has broad discretion under Rule 41 to decide whether to order a severance in a case involving more than one cause of action. Cherokee Water Co. v. Forderhause, 641 S.W.2d 522, 525 (Tex. 1982). However, the severance of a counterclaim, complusory under Rule 97(a), under the circumstances here presented, is inappropriate. Bentley by its compulsory counterclaim alleges a cause of action arising out of the same contract that is the subject of the main suit, and that must be determined by resolution of fact issues interwoven with or identical to the fact issues *923 to be determined in the trial of the main suit. Cf. McGuire v. Commercial Union Ins. Co. of New York, 431 S.W.2d 347, 351 (Tex.1968); Bohart v. First National Bank in Dallas, 536 S.W.2d 234, 236 (Tex.Civ.App.Eastland 1976, writ ref'd n.r.e.). For these reasons, we are of the opinion that the trial court abused its discretion in ordering the severance. Points five and six are sustained.
Our decisions on the points already discussed require a reversal of the judgment; however, in the event of retrial, we comment on Bentley's points three and four. The third point is moot,[6] and we pretermit any discussion of it. By its fourth point, Bentley argues that the judgment against Slaughter personally was improper because he was not personally served with citation. The point is without merit. Bentley incorrectly bases its contention on Tex.Civ.Prac. & Rem.Code Ann. §§ 17.022,[7] 31.003.[8]
Sections 17.022 and 31.003 authorize judgment against a partnership if one or more, but not all, partners are served with citation and judgment against the partners actually served. A contention similar to the one made here by Bentley was addressed in Graham Hotel Corp. v. Leader, 241 S.W. 700 (Tex.Civ.App.Fort Worth 1922, no writ). There the court, construing earlier, but virtually identical versions of former articles 2033 and 2223, stated:
Service on one member of a partnership brings the firm before the court, and a judgment thereon is binding on the partnership and the member [partner] served. Hedges v. Armistead, 60 Tex. 276; Alexander v. Stern, 41 Tex. 193; Wichita County Lumber Co. v. Maer, (Tex.Civ.App.), 235 S.W. 990. But in the instant case the defendants Gallaher and Arnold [partners not served with citation] both appeared in court and filed their written answer. Thus the trial court had jurisdiction over their persons, and could ... render judgment against each of them individually.
Id. at 701. Moreover, Rules 7 and 121 provide that a party to an action may appear by an attorney, and that the filing of a written answer in an action constitutes a personal appearance therein. A written answer was filed in this cause for Slaughter by an attorney. Slaughter does not challenge that attorney's authority to act for him. The summary judgment evidence establishes as a matter of law that Linscott and Slaughter are general partners of Bentley. Thus, each is personally liable for the debts and obligations of the limited partnership. Tex.Rev.Civ.Stat.Ann. 6132a, § 10(a); Rohdie v. Washington, 641 S.W.2d 317, 320 (Tex.App.El Paso 1982, no writ).
The summary judgment is reversed, the order severing Bentley's counterclaim from Nasits' action on the contract is vacated, and the cause is remanded for further proceedings consistent with this opinion.
NOTES
[1] All references to rules are to the Texas Rules of Civil Procedure unless otherwise indicated.
[2] Only one deposition was before the trial court, that of Bruce Linscott.
[3] Linscott's opposing affidavit and his deposition testimony.
[4] Wilcox v. St. Mary's University, 531 S.W.2d 589 (Tex.1975).
[5] See Brown v. American Transfer & Storage Co., 601 S.W.2d 931 (Tex.1980), cert. denied, 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980).
[6] Because of our ruling on second point.
[7] Formerly Tex.Rev.Civ.Stat.Ann. art. 2033 (Acts 1858, p. 110); P.D. 1514; G.L. vol. 4 p. 982.
[8] Former Tex.Rev.Civ.Stat.Ann. art. 2223 (Acts 1858, p. 110); P.D. 1514; G.L. vol. 4 p. 982.