■ ORIN L. ROGERS, Respondent, v LENA C. ROGERS, Appellant. LENA C. ROGERS, Appellant, v ORIN L. ROGERS, Respondent.—Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court, Jefferson County, for further proceedings, in accordance with the following memorandum: The parties, who were married in 1943, entered into a modified separation agreement in 1978, which was incorporated but not merged into a judgment of divorce granted in February 1979. The husband substantially complied with the terms of the agreement until 1987, when he suffered serious health problems which totally disabled him from working as a physician. In July 1987, the wife commenced an action for breach of contract. Soon thereafter, the husband commenced an action seeking modification of the judgment of divorce and the separation agreement on the ground that he was no longer able to comply with the terms because of his failing health. The two actions were consolidated by stipulation.

The court granted the husband's application and modified the judgment of divorce to eliminate all of the husband's support obligations retroactive to the date of the commencement of the husband's action for modification; however, the court did not determine the wife's rights under the separation agreement. That was error.

The parties' separation agreement, which was incorporated but not merged into the judgment of divorce, was made prior to July 19, 1980. In cases that precede the effective date of Domestic Relations Law § 236 (B) (9) (b), the court has the power to modify only the judgment of divorce. Any modification of the judgment leaves untouched the right of the supported spouse to maintain an action for breach of contract to collect the difference between a reduced award and the amount provided for in the separation agreement (see, Merl v Merl, 67 NY2d 359, 362; Kleila v Kleila, 50 NY2d 277, 283; Crane v Crane, 144 AD2d 933, 934; Burtch v Burtch, 98 AD2d 704). Here, we agree with the court's determination that the husband has shown a substantial change in circumstances sufficient to warrant a modification of the judgment of divorce. However, we vacate the award of arrears under the judgment and remit the matter to Supreme Court for reconsideration in light of the applicable law as stated herein, and to make a determination of the wife's rights under both the separation agreement and the judgment. (Appeal from order of Supreme Court, Jefferson County, Gilbert, J.—modification of divorce

decree.) Present—Doerr, J. P., Denman, Balio, Lawton and Lowery, JJ.