Reversed and Remanded and Opinion filed May 16, 2006









Reversed and Remanded and Opinion filed May 16, 2006.

                                                                              

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00728-CV

____________

 

GERALD T. OWENS, Appellant

 

V.

 

SALLY FARRIER
OWENS,
Appellee

 



 

On Appeal from the 312th
District Court

Harris County, Texas

Trial Court Cause No. 99-48470-D

 



 

O P I N I O N

Appellant Gerald T. Owens challenges the
trial court=s summary judgment in favor of appellee
Sally Farrier Owens and the severance of that judgment.  Concluding that the trial court erred in
granting summary judgment and abused its discretion in granting a severance, we
reverse and remand for further proceedings consistent with this opinion.  

 

 

 

 

 

                        I. 
Factual and Procedural Background








In December 1979,
Gerald and Sally entered into a Separation Agreement (hereinafter ASeparation
Agreement@) in New York, and a New York court
entered a divorce judgment based on that agreement. This Separation Agreement
provides that Gerald will pay Sally $4,855.50 per month starting on January 10,
1980, and terminating on the death of either party or Sally=s remarriage.  Neither party has died, and Sally has not
remarried.

Gerald domesticated the New York judgment
in Texas, and on January 24, 2001, he filed a petition to modify this judgment
and his obligation under the Separation Agreement. Sally filed a motion for
summary judgment alleging that a letter sent by Gerald=s counsel to her
counsel constituted an anticipatory repudiation of the Separation Agreement as
a matter of law. See Owens v. Owens, No. 14-01-01164-CV, 2003 WL
1986947, at *1 (Tex. App.CHouston [14th Dist.] May 1, 2003) (mem.
op.).  Sally asserted that this
anticipatory repudiation entitled her to judgment in the amount of the present
value of all future payments that she would receive under the Separation
Agreement, based on her expected life span. 
Id.  The trial court
granted Sally=s motion and signed an interlocutory
judgment that Sally recover from Gerald $474,091, plus interest.  Id. 
The trial court later signed a severance order that made this judgment
final (hereinafter AFirst Judgment@).  Id. 
On appeal, this court concluded that a genuine issue of material fact
precluded summary judgment on Sally=s
anticipatory-repudiation claim.  See
id. at *1B2. 
Accordingly, this court reversed the First Judgment and remanded the
case to the trial court. Id.

In November 2003, Sally filed another
motion for summary judgment in which she asserted the following:

!       Gerald=s claim against her for rental
payments based on her residing in a house that they jointly own (AHouston Property@) fails as a matter of law.

!       As
a matter of law, the Separation Agreement cannot be modified by a court, and
that agreement is enforceable whether or not the divorce judgment is
modified.  

!       Gerald
has not made any payments since March 2001, and therefore owes Sally
$126,558.79, for which she seeks judgment as a matter of law.








!       Gerald=s
wrongful-garnishment claim against Sally fails as a matter of law for several
reasons.

In her summary-judgment affidavit, Sally testified
that Gerald made a partial payment in March 2001 and no payments from April
2001 through November 2003, when she signed her affidavit.  Sally testified that the total amount of
alimony payments owed by Gerald in November 2003 was $156,885.79.  Sally stated that, after deducting $30,000
she had received as a result of a turnover order, the total due from Gerald was
$126,885.79.  Sally received the $30,000 under
the a turnover order in aid of Sally=s efforts to
collect the First Judgment, which this court reversed in May 2003.  See id.

In his response to Sally=s motion, Gerald
asserted, among other things:

!       There
is an issue as to whether Gerald has refused to pay the alimony Sally alleges
he owes because Gerald has had a petition to modify pending since January 2001,
in which he seeks to be relieved of his obligation to pay alimony under the
divorce judgment and under the Separation Agreement.  Therefore, Sally is not entitled to summary
judgment because of the pending petition to modify, which would affect Gerald=s liability, if any, under the
Separation Agreement. 

!       The
trial court wrongfully denied Gerald=s motion for restitution, seeking return of the $30,000
that Sally had collected on the First Judgment. 

!       Genuine issues of fact preclude summary
judgment as to Gerald=s claim for rental payments and wrongful
garnishment.

On March 9, 2004, the trial court sent
counsel for both parties a letter stating that the court was granting summary
judgment on the unpaid alimony amounts up to the date of the trial court=s letter.  The trial court indicated that the summary
judgment should be severed to make it final and requested that a judgment be
prepared.  In the letter, the trial court
also stated it was (1) denying the motion for summary judgment as to Gerald=s claims for rent
and wrongful garnishment and (2) not granting Gerald an offset as to the
$30,000, but that it would deal with the offset issue along with the remaining
claims.  Thereafter, Sally filed a motion
to sever.








On April 12, 2004, the trial court signed
a summary judgment that awarded Sally a money judgment of $176,307.79, which
included four alimony payments that came due after Sally=s motion was filed
and which did not give Gerald a credit for the $30,000 collected by Sally based
on the First Judgment.  The judgment
denied summary judgment as to the other issues raised in Sally=s motion and
stated that Gerald=s claim for an offset as to the $30,000
would be left for later determination. 
On the same day and over Gerald=s objection, the
trial court signed an order severing this partial summary judgment into Cause
Number 99-48470-D so that it would become a final judgment.  At the April 12, 2004, hearing Gerald
asserted, among other things, that a severance would split Sally=s single claim for
attorney=s fees and for
enforcement of the alimony obligation. 
After the trial court indicated concern about these issues, Sally=s counsel filed a
handwritten nonsuit Awith prejudice@ as to her claim
for attorney=s fees in connection with obtaining a
judgment as to the $176,307.79 in past-due alimony. 

II. 
Issues Presented

Gerald presents
the following issues on appeal: 

(1)     Did the trial court err in granting summary
judgment?

(2)     Did
the trial court abuse its discretion in ordering a severance of its summary
judgment from the remaining unlitigated claims of both parties?

III.  Analysis


A.      Did the trial court err in granting
summary judgment?

In his first
issue, Gerald asserts the trial court erred in granting summary judgment based
on, among other things, the pendency of his petition to modify his alimony
obligations under the Separation Agreement and under the divorce judgment.
Gerald asserts the trial court=s ruling on this
petition would affect his liability under the Separation Agreement.








As to his petition to modify under New
York law, if Gerald shows a substantial change in circumstances, then the trial
court can cancel or lower Gerald=s obligation to
pay alimony under the divorce judgment.  See
N.Y. Dom. Rel. Law ' 236(B)(9)(b)
(McKinney 2005) (stating that any application to modify a judgment made in an
action commenced before July 19, 1980 shall be heard and determined in
accordance with part A of section 236 of the Domestic Relations Law); N.Y. Dom. Rel. Law ' 236(A)(1)
(McKinney 2005) (stating that upon application of either spouse trial court can
annul or modify alimony provisions accruing after application to annul or
modify is filed); Tibbetts v. Tibbetts, 679 S.W.2d 152, 154 (Tex. App.CDallas 1984, no
pet.) (holding that under Full Faith and Credit Clause of the United States
Constitution, Texas courts have complete authority to make any modifications to
divorce decrees from other states that could have been made if the modification
request had been filed in the state in which the divorce decree was issued); Rogers
v. Rogers, 557 N.Y.S.2d 799, 800B01 (N.Y. App. Div.
1990) (holding that trial court could modify divorce judgment based on
substantial change in circumstances because divorce proceeding was commenced
before July 19, 1980); Cohen v. Seletsky, 534 N.Y.S.2d 688, 693 (N.Y.
App. Div. 1988) (stating that under part A of section 236, alimony provisions
of a divorce judgment can be decreased upon a showing of a substantial change
in circumstances).  The trial court may
cancel or modify Gerald=s obligations under the divorce judgment
as to future payments and as to all payments that accrued on or after January
24, 2001, the date Gerald filed his petition to modify.  See N.Y.
Dom. Rel. Law ' 236(A)(1) (McKinney 2005) (stating that
upon application of either spouse, trial court can annul or modify alimony
provisions accruing after application to annul or modify is filed);  Rogers, 557 N.Y.S.2d at 800.  The trial court measures the change in
circumstances by comparing Gerald=s financial
circumstances in December 1979 and in January 2001, when Gerald filed his
petition to modify.  See Alexander v.
Alexander, 521 N.Y.S.2d 854, 855B56 (N.Y. App. Div.
1987).  








In her motion for summary judgment, Sally sought judgment
based on Gerald=s nonpayment of alimony under the
Separation Agreement since March 2001. 
Sally asserted that, regardless of whether the trial court annuls or
modifies Gerald=s obligation to pay alimony under the
divorce judgment, under New York law, the trial court cannot relieve Gerald of
his contractual liability to pay alimony under the Separation Agreement.  Sally sought judgment solely under this
contract.








Under the unambiguous language of the
Separation Agreement and the divorce judgment, the Separation Agreement was
incorporated but not merged into the judgment. Gerald and Sally entered into
the Separation Agreement and were divorced before July 19, 1980.  Therefore, even if the trial court
retroactively relieves Gerald of his obligation to pay alimony under the
judgment on or after March 1, 2001, the trial court cannot relieve Gerald of
his payment obligation under the Separation Agreement based on Gerald=s petition to
modify, and Sally still may assert a claim for breach of that agreement.  See Rogers, 557 N.Y.S.2d at 800B01; Cohen,
534 N.Y.S.2d at 693.   However, Gerald=s liability under
the Separation Agreement is measured by the difference between the amount of
alimony provided for in the Separation Agreement and the lower amount, if any,
owed by Gerald under the judgment after the trial court rules on Gerald=s petition to
modify.  See King v. Schultz, 325
N.Y.S.2d 754 (N.Y. 1971); Rogers, 557 N.Y.S.2d at 800B01; Cohen,
534 N.Y.S.2d at 693.   Gerald=s petition to
modify has been on file since January 2001, before Gerald stopped making
payments.  The trial court should hear
and consider the merits of this petition before ruling on Sally=s claim for
payment, in order to determine the amount, if any, that Gerald owes under the
Separation Agreement.  While Gerald might
be liable for the full $4,855.50 per month under the Separation Agreement, this
result would follow only if the trial court were to grant Gerald=s petition to
completely annul his alimony liability under the judgment, which would preclude
enforcement of Gerald=s alimony obligation by contempt.        We
conclude that the trial court erred in granting summary judgment in Sally=s favor as to her
claim for breach of the Separation Agreement, because the amount, if any, of
her damages under that claim cannot be determined until the trial court rules
on Gerald=s petition to modify.  Accordingly, to this extent, we sustain
Gerald=s first issue and
reverse and remand the trial court=s summary
judgment.[1]

B.      Did
the trial court abuse its discretion in severing its summary judgment?

In his second issue, Gerald asserts the
trial court erred in severing its summary judgment.  In his objection in the trial court and on
appeal, Gerald asserts that the severed summary judgment is so interwoven with
the remaining action that they involve the same facts and issues.  At the time of the April 12, 2004 severance,
the following claims were pending:

!       Sally=s claim against Gerald based on his
failure to pay alimony as required by the divorce judgment and the Separation
Agreement, including her claim that Gerald engaged in an anticipatory
repudiation of this obligation, which allegedly entitles her to judgment in the
amount of the present value of all future payments that she would receive under
the Separation Agreement, based on her expected life span.

!       Sally=s claim based on Gerald=s alleged default in paying his
share of the mortgage and other expenses as to the Houston Property from
September 2001 forward.

!       Sally=s claim for her attorney=s fees and expenses.

!       Gerald=s petition under New York law in
which he seeks to retroactively modify his alimony obligation under the divorce
judgment and the Separation Agreement so that, from January 31, 2001 forward,
Gerald has no further alimony obligation. 
In the alternative, Gerald also seeks to substantially reduce his
obligation to pay alimony. 

!       Gerald=s claim for $30,000 plus interest
from the date Sally received this amount under a turnover order enforcing the
First Judgment.  Gerald also asserts this
amount as an offset to Sally=s claims.








!       Gerald=s claim against Sally for blocking
the sale of the Houston Property, which was the subject of a January 2001
partition judgment, but which had not been sold as of December 31, 2003.

!       Gerald=s claim against Sally for rental
payments based on her residing in the Houston Property, particularly for the
time period since the January 2001 partition judgment. 

!       Gerald=s claim that Sally inadequately
maintained the Houston Property while blocking its sale under the partition
judgment, thus diminishing the value of Gerald=s interest in the Houston
Property.  

!       Gerald=s claim against Sally for wrongful
garnishment in Cause Number 99-48470-C on or about May 14, 2003. 

!       Gerald=s claim for his
attorney=s fees and
expenses.

The controlling reasons for a severance
are to do justice, avoid prejudice, and further convenience.  Guar. Fed. Sav. Bank v. Horseshoe
Operating Co., 793 S.W.2d 652, 658 (Tex. 1990).  A claim is properly severable if (1) the
controversy involves more than one claim, (2) the severed claim is one that
would be the proper subject of a lawsuit if independently asserted, and (3) the
severed claim is not so interwoven with the remaining action that the claims
involve the same facts and issues.  Id.  Texas Rule of Civil Procedure 41 vests the
trial court with discretion in severing cases. 
See Tex. R. Civ. P. 41;
Guar. Fed. Sav. Bank, 793 S.W.2d at 658. 
Although a reviewing court will not reverse the trial court=s severance absent
an abuse of discretion, if any one of these three criteria are not met, then
the trial court has abused its discretion and reversal is warranted.  See, e.g., State Dept. of Highways &
Pub. Transp. v. Cotner, 845 S.W.2d 818, 819 (Tex. 1993) (concluding the
trial court erred in severing claim because the severed claim was so interwoven
with the remaining action that they involved the same facts and issues).  








The trial court severed Sally=s claim under the
Separation Agreement for alimony payments from March 2001 through March
2004.  Gerald asserts as a defense to the
severed claim that he is excused in whole or in part from paying the severed
claim based on his petition to modify. 
This severed defense involves the same facts and issues as Gerald=s petition to
modify, which is in the remaining action. 
This remaining action and the severed claim both involve the divorce
judgment, the Separation Agreement, and the issues of how much alimony Gerald
has paid and how much, if any, he owes under the judgment and under the
agreement.  Without knowing how much, if
at all, the trial court will modify Gerald=s obligations
under the judgment based on Gerald=s unsevered
petition to modify, the trial court cannot determine the proper amount of
damages to award Sally under her severed contract claim.  See King, 325 N.Y.S.2d at 754; Rogers,
557 N.Y.S.2d at 800B01; Cohen, 534 N.Y.S.2d at
693.  

Furthermore, the remaining action from
which this claim was severed includes Sally=s claims for the
period of April 2004 forward for alimony payments under the divorce judgment
and alimony under the Separation Agreement. 
The remaining action also includes Sally=s claim for
anticipatory repudiation of the Separation Agreement.  In all of these claims Sally seeks to enforce
a monthly alimony obligation of $4,855.50 based on Gerald=s nonpayment.  In addition, Sally=s alleged damages
for her anticipatory repudiation claim includes the entire amount of her
alleged damages for the severed claim. 
Gerald=s claim for the $30,000 offset is based on
Sally=s collection of
money on the First Judgment, which awarded Sally recovery based on Gerald=s breach of the
same alimony obligation under the same contract that is the subject of the
severed claim.  In fact, Sally recognized
that these claims were intertwined in her summary judgment affidavit, in which
she applied the $30,000 offset in determining how much Gerald allegedly owed
her under her claim in the severed action.  
Nonetheless, the trial court refused to allow this credit and did not
sever Gerald=s offset claim, leaving it in the
remaining action. 













On this record, we conclude that Sally=s severed claim for breach of the
Separation Agreement is so interwoven with the remaining action that they
involve the same facts and issues.  See
Cotner, 845 S.W.2d at 819 (reversing severance and concluding severed claim
was so interwoven with the remaining action that they involved the same facts
and issues because claims were based on same facts and because damages for one
claim related to the damages for the other claim);  Fuentes v. McFadden, 825 S.W.2d 772,
779B90 (Tex. App.CEl Paso 1992, no writ) (reversing
severance and concluding severed claim was so interwoven with the remaining
action that they involved the same facts and issues where same grounds asserted
in severed claim were asserted as a legal excuse to the contract claim asserted
in the remaining action); Jinkins v. Bryan, 763 S.W.2d 539, 546 (Tex.
App.CAmarillo 1988, writ denied)
(holding that severed claims to recover improperly paid royalties were so
interwoven with the remaining claims for conversion of Adry gas@ that they involved the same facts
and issues so that trial court erred in severing); Bentley Vill., Ltd. v.
Nasits Bldg. Co., 736 S.W.2d 919, 922B23 (Tex. App.CTyler 1987, no writ) (holding trial court abused its
discretion in severing claim arising out of same contract that was subject of
unsevered claims); McWilliams v. Gilbert, 715 S.W.2d 761, 764 (Tex. App.CHouston [1st Dist.] 1986, no writ)
(reversing severance and concluding severed claim was so interwoven with the
remaining action that they involved the same facts and issues in case in which
unsevered claim sought equitable reformation of party=s obligations, which would affect
party=s liability under the severed
contract claim).  The trial court=s severance did not avoid prejudice
or further convenience.  Instead, it
separated interwoven claims that share facts and issues and that should be
tried together. Under these circumstances, reversal of the severance is
warranted.  Because all criteria for
severance were not satisfied, we conclude the trial court abused its discretion
in severing its summary judgment. 
Accordingly, we sustain Gerald=s second issue, reverse the trial court=s severance and summary judgment,
and remand this case for trial in accordance with this opinion.

 

 

 

 

 

/s/      Kem
Thompson Frost

Justice

 

 

 

Judgment rendered and Opinion filed
May 16, 2006.

Panel consists of Justices Hudson, Frost, and Seymore.











[1]  We need not
and do not address Gerald=s other arguments as to why the trial court erred in
granting summary judgment.