**Gerald T. OWENS, Appellant,**

v.

**Sally Farrier OWENS, Appellee.**

**No. 14–04–00728–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 16, 2006.

Opinion Overruling Rehearing
July 6, 2006.

Kathleen A. Hurren, San Antonio, for appellant.

Robert J. Piro, Piro & Lilly, L.L.P., Houston, for appellee.

Panel consists of Justices HUDSON, FROST, and SEYMORE.

## OPINION

KEM THOMPSON FROST, Justice.

Appellant Gerald T. Owens challenges the trial court's summary judgment in favor of appellee Sally Farrier Owens and the severance of that judgment. Concluding that the trial court erred in granting summary judgment and abused its discretion in granting a severance, we reverse and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In December 1979, Gerald and Sally entered into a Separation Agreement (hereinafter "Separation Agreement") in New York, and a New York court entered a divorce judgment based on that agreement. This Separation Agreement provides that Gerald will pay Sally $4,855.50 per month starting on January 10, 1980, and terminating on the death of either party or Sally's remarriage. Neither party has died, and Sally has not remarried.

Gerald domesticated the New York judgment in Texas, and on January 24, 2001, he filed a petition to modify this judgment and his obligation under the Separation Agreement. Sally filed a motion for summary judgment alleging that a letter sent by Gerald's counsel to her counsel constituted an anticipatory repudiation of the Separation Agreement as a matter of law. See Owens v. Owens, No. 14–01–01164–CV, 2003 WL 1986947, at *1 (Tex. App.-Houston [14th Dist.] May 1, 2003) (mem.op.). Sally asserted that this anticipatory repudiation entitled her to judgment in the amount of the present value of all future payments that she would receive under the Separation Agreement, based on her expected life span. Id. The trial court granted Sally's motion and signed an interlocutory judgment that Sally recover from Gerald $474,091, plus interest. Id. The trial court later signed a severance order that made this judgment final (hereinafter "First Judgment"). Id. On appeal, this court concluded that a genuine issue of material fact precluded summary judgment on Sally's anticipatory-repudiation claim. See id. at *1–2. Accordingly, this court reversed the First Judgment and remanded the case to the trial court. Id.

In November 2003, Sally filed another motion for summary judgment in which she asserted the following:

- Gerald's claim against her for rental payments based on her residing in a house that they jointly own ("Houston Property") fails as a matter of law.

- As a matter of law, the Separation Agreement cannot be modified by a court, and that agreement is enforceable whether or not the divorce judgment is modified.
- Gerald has not made any payments since March 2001, and therefore owes Sally $126,558.79, for which she seeks judgment as a matter of law.
- Gerald's wrongful-garnishment claim against Sally fails as a matter of law for several reasons.

In her summary-judgment affidavit, Sally testified that Gerald made a partial payment in March 2001 and no payments from April 2001 through November 2003, when she signed her affidavit. Sally testified that the total amount of alimony payments owed by Gerald in November 2003 was $156,885.79. Sally stated that, after deducting $30,000 she had received as a result of a turnover order, the total due from Gerald was $126,885.79. Sally received the $30,000 under the turnover order in aid of Sally's efforts to collect the First Judgment, which this court reversed in May 2003. *See id.*

In his response to Sally's motion, Gerald asserted, among other things:

- There is an issue as to whether Gerald has refused to pay the alimony Sally alleges he owes because Gerald has had a petition to modify pending since January 2001, in which he seeks to be relieved of his obligation to pay alimony under the divorce judgment and under the Separation Agreement. Therefore, Sally is not entitled to summary judgment because of the pending petition to modify, which would affect Gerald's liability, if any, under the Separation Agreement.
- The trial court wrongfully denied Gerald's motion for restitution, seeking return of the $30,000 that Sally had collected on the First Judgment.

- Genuine issues of fact preclude summary judgment as to Gerald's claim for rental payments and wrongful garnishment.

On March 9, 2004, the trial court sent counsel for both parties a letter stating that the court was granting summary judgment on the unpaid alimony amounts up to the date of the trial court's letter. The trial court indicated that the summary judgment should be severed to make it final and requested that a judgment be prepared. In the letter, the trial court also stated it was (1) denying the motion for summary judgment as to Gerald's claims for rent and wrongful garnishment and (2) not granting Gerald an offset as to the $30,000, but that it would deal with the offset issue along with the remaining claims. Thereafter, Sally filed a motion to sever.

On April 12, 2004, the trial court signed a summary judgment that awarded Sally a money judgment of $176,307.79, which included four alimony payments that came due after Sally's motion was filed and which did not give Gerald a credit for the $30,000 collected by Sally based on the First Judgment. The judgment denied summary judgment as to the other issues raised in Sally's motion and stated that Gerald's claim for an offset as to the $30,000 would be left for later determination. On the same day and over Gerald's objection, the trial court signed an order severing this partial summary judgment into Cause Number 99–48470–D so that it would become a final judgment. At the April 12, 2004, hearing Gerald asserted, among other things, that a severance would split Sally's single claim for attorney's fees and for enforcement of the alimony obligation. After the trial court indicated concern about these issues, Sally's counsel filed a handwritten nonsuit "with prejudice" as to her claim for attorney's

fees in connection with obtaining a judgment as to the $176,307.79 in past-due alimony.

## II. ISSUES PRESENTED

Gerald presents the following issues on appeal:

(1) Did the trial court err in granting summary judgment?

(2) Did the trial court abuse its discretion in ordering a severance of its summary judgment from the remaining unlitigated claims of both parties?

## III. ANALYSIS

### A. Did the trial court err in granting summary judgment?

In his first issue, Gerald asserts the trial court erred in granting summary judgment based on, among other things, the pendency of his petition to modify his alimony obligations under the Separation Agreement and under the divorce judgment. Gerald asserts the trial court's ruling on this petition would affect his liability under the Separation Agreement.

As to his petition to modify under New York law, if Gerald shows a substantial change in circumstances, then the trial court can cancel or lower Gerald's obligation to pay alimony under the divorce judgment. *See* N.Y. DOM. REL. LAW § 236(B)(9)(b) (McKinney 2005) (stating that any application to modify a judgment made in an action commenced before July 19, 1980 shall be heard and determined in accordance with part A of section 236 of the Domestic Relations Law); N.Y. DOM. REL. LAW § 236(A)(1) (McKinney 2005) (stating that upon application of either spouse trial court can annul or modify alimony provisions accruing after application to annul or modify is filed); *Tibbetts v. Tibbetts,* 679 S.W.2d 152, 154 (Tex.App.-Dallas 1984, no pet.) (holding that under Full Faith and Credit Clause of the United

States Constitution, Texas courts have complete authority to make any modifications to divorce decrees from other states that could have been made if the modification request had been filed in the state in which the divorce decree was issued); *Rogers v. Rogers,* 162 A.D.2d 1008, 557 N.Y.S.2d 799, 800–01 (N.Y.App.Div.1990) (holding that trial court could modify divorce judgment based on substantial change in circumstances because divorce proceeding was commenced before July 19, 1980); *Cohen v. Seletsky,* 142 A.D.2d 111, 534 N.Y.S.2d 688, 693 (N.Y.App.Div.1988) (stating that under part A of section 236, alimony provisions of a divorce judgment can be decreased upon a showing of a substantial change in circumstances). The trial court may cancel or modify Gerald's obligations under the divorce judgment as to future payments and as to all payments that accrued on or after January 24, 2001, the date Gerald filed his petition to modify. *See* N.Y. DOM. REL. LAW § 236(A)(1) (McKinney 2005) (stating that upon application of either spouse, trial court can annul or modify alimony provisions accruing after application to annul or modify is filed); *Rogers,* 557 N.Y.S.2d at 800. The trial court measures the change in circumstances by comparing Gerald's financial circumstances in December 1979 and in January 2001, when Gerald filed his petition to modify. *See Alexander v. Alexander,* 134 A.D.2d 796, 521 N.Y.S.2d 854, 855–56 (N.Y.App.Div.1987).

In her motion for summary judgment, Sally sought judgment based on Gerald's nonpayment of alimony under the Separation Agreement since March 2001. Sally asserted that, regardless of whether the trial court annuls or modifies Gerald's obligation to pay alimony under the divorce judgment, under New York law, the trial court cannot relieve Gerald of his contractual liability to pay alimony under the Sep-

aration Agreement. Sally sought judgment solely under this contract.

Under the unambiguous language of the Separation Agreement and the divorce judgment, the Separation Agreement was incorporated but not merged into the judgment. Gerald and Sally entered into the Separation Agreement and were divorced before July 19, 1980. Therefore, even if the trial court retroactively relieves Gerald of his obligation to pay alimony under the judgment on or after March 1, 2001, the trial court cannot relieve Gerald of his payment obligation under the Separation Agreement based on Gerald's petition to modify, and Sally still may assert a claim for breach of that agreement. *See Rogers,* 557 N.Y.S.2d at 800–01; *Cohen,* 534 N.Y.S.2d at 693. However, Gerald's liability under the Separation Agreement is measured by the difference between the amount of alimony provided for in the Separation Agreement and the lower amount, if any, owed by Gerald under the judgment after the trial court rules on Gerald's petition to modify. *See King v. Schultz,* 29 N.Y.2d 718, 325 N.Y.S.2d 754, 275 N.E.2d 336 (1971); *Rogers,* 557 N.Y.S.2d at 800–01; *Cohen,* 534 N.Y.S.2d at 693. Gerald's petition to modify has been on file since January 2001, before Gerald stopped making payments. The trial court should hear and consider the merits of this petition before ruling on Sally's claim for payment, in order to determine the amount, if any, that Gerald owes under the Separation Agreement. While Gerald might be liable for the full $4,855.50 per month under the Separation Agreement, this result would follow only if the trial court were to grant Gerald's petition to completely annul his alimony liability under the judgment,

which would preclude enforcement of Gerald's alimony obligation by contempt.

We conclude that the trial court erred in granting summary judgment in Sally's favor as to her claim for breach of the Separation Agreement, because the amount, if any, of her damages under that claim cannot be determined until the trial court rules on Gerald's petition to modify. Accordingly, to this extent, we sustain Gerald's first issue and reverse and remand the trial court's summary judgment.[1]

**B. Did the trial court abuse its discretion in severing its summary judgment?**

In his second issue, Gerald asserts the trial court erred in severing its summary judgment. In his objection in the trial court and on appeal, Gerald asserts that the severed summary judgment is so interwoven with the remaining action that they involve the same facts and issues. At the time of the April 12, 2004 severance, the following claims were pending:

- Sally's claim against Gerald based on his failure to pay alimony as required by the divorce judgment and the Separation Agreement, including her claim that Gerald engaged in an anticipatory repudiation of this obligation, which allegedly entitles her to judgment in the amount of the present value of all future payments that she would receive under the Separation Agreement, based on her expected life span.

- Sally's claim based on Gerald's alleged default in paying his share of the mortgage and other expenses as to the Houston Property from September 2001 forward.

---

1. We need not and do not address Gerald's other arguments as to why the trial court erred in granting summary judgment.

- Sally's claim for her attorney's fees and expenses.
- Gerald's petition under New York law in which he seeks to retroactively modify his alimony obligation under the divorce judgment and the Separation Agreement so that, from January 31, 2001 forward, Gerald has no further alimony obligation. In the alternative, Gerald also seeks to substantially reduce his obligation to pay alimony.
- Gerald's claim for $30,000 plus interest from the date Sally received this amount under a turnover order enforcing the First Judgment. Gerald also asserts this amount as an offset to Sally's claims.
- Gerald's claim against Sally for blocking the sale of the Houston Property, which was the subject of a January 2001 partition judgment, but which had not been sold as of December 31, 2003.
- Gerald's claim against Sally for rental payments based on her residing in the Houston Property, particularly for the time period since the January 2001 partition judgment.
- Gerald's claim that Sally inadequately maintained the Houston Property while blocking its sale under the partition judgment, thus diminishing the value of Gerald's interest in the Houston Property.
- Gerald's claim against Sally for wrongful garnishment in Cause Number 99–48470–C on or about May 14, 2003.
- Gerald's claim for his attorney's fees and expenses.

■ The controlling reasons for a severance are to do justice, avoid prejudice, and further convenience. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990). A claim is properly severable if (1) the controversy involves more than one claim, (2) the sev-

ered claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that the claims involve the same facts and issues. *Id.* Texas Rule of Civil Procedure 41 vests the trial court with discretion in severing cases. *See* Tex.R. Civ. P. 41; *Guar. Fed. Sav. Bank*, 793 S.W.2d at 658. Although a reviewing court will not reverse the trial court's severance absent an abuse of discretion, if any one of these three criteria are not met, then the trial court has abused its discretion and reversal is warranted. *See, e.g., State Dept. of Highways & Pub. Transp. v. Cotner*, 845 S.W.2d 818, 819 (Tex.1993) (concluding the trial court erred in severing claim because the severed claim was so interwoven with the remaining action that they involved the same facts and issues).

■ The trial court severed Sally's claim under the Separation Agreement for alimony payments from March 2001 through March 2004. Gerald asserts as a defense to the severed claim that he is excused in whole or in part from paying the severed claim based on his petition to modify. This severed defense involves the same facts and issues as Gerald's petition to modify, which is in the remaining action. This remaining action and the severed claim both involve the divorce judgment, the Separation Agreement, and the issues of how much alimony Gerald has paid and how much, if any, he owes under the judgment and under the agreement. Without knowing how much, if at all, the trial court will modify Gerald's obligations under the judgment based on Gerald's unsevered petition to modify, the trial court cannot determine the proper amount of damages to award Sally under her severed contract claim. *See King*, 325 N.Y.S.2d at 754, 275 N.E.2d 336; *Rogers*, 557 N.Y.S.2d at 800–01; *Cohen*, 534 N.Y.S.2d at 693.

Furthermore, the remaining action from which this claim was severed includes Sally's claims for the period of April 2004 forward for alimony payments under the divorce judgment and alimony under the Separation Agreement. The remaining action also includes Sally's claim for anticipatory repudiation of the Separation Agreement. In all of these claims Sally seeks to enforce a monthly alimony obligation of $4,855.50 based on Gerald's nonpayment. In addition, Sally's alleged damages for her anticipatory repudiation claim includes the entire amount of her alleged damages for the severed claim. Gerald's claim for the $30,000 offset is based on Sally's collection of money on the First Judgment, which awarded Sally recovery based on Gerald's breach of the same alimony obligation under the same contract that is the subject of the severed claim. In fact, Sally recognized that these claims were intertwined in her summary judgment affidavit, in which she applied the $30,000 offset in determining how much Gerald allegedly owed her under her claim in the severed action. Nonetheless, the trial court refused to allow this credit and did not sever Gerald's offset claim, leaving it in the remaining action.

On this record, we conclude that Sally's severed claim for breach of the Separation Agreement is so interwoven with the remaining action that they involve the same facts and issues. See Cotner, 845 S.W.2d at 819 (reversing severance and concluding severed claim was so interwoven with the remaining action that they involved the same facts and issues because claims were based on same facts and because damages for one claim related to the damages for the other claim); Fuentes v. McFadden, 825 S.W.2d 772, 779–80 (Tex.App.-El Paso 1992, no writ) (reversing severance and concluding severed claim was so interwoven with the remaining action that they involved the same facts and issues where same grounds asserted in severed claim were asserted as a legal excuse to the contract claim asserted in the remaining action); Jinkins v. Bryan, 763 S.W.2d 539, 546 (Tex.App.-Amarillo 1988, writ denied) (holding that severed claims to recover improperly paid royalties were so interwoven with the remaining claims for conversion of "dry gas" that they involved the same facts and issues so that trial court erred in severing); Bentley Vill., Ltd. v. Nasits Bldg. Co., 736 S.W.2d 919, 922–23 (Tex.App.-Tyler 1987, no writ) (holding trial court abused its discretion in severing claim arising out of same contract that was subject of unsevered claims); McWilliams v. Gilbert, 715 S.W.2d 761, 764 (Tex.App.-Houston [1st Dist.] 1986, no writ) (reversing severance and concluding severed claim was so interwoven with the remaining action that they involved the same facts and issues in case in which unsevered claim sought equitable reformation of party's obligations, which would affect party's liability under the severed contract claim). The trial court's severance did not avoid prejudice or further convenience. Instead, it separated interwoven claims that share facts and issues and that should be tried together. Under these circumstances, reversal of the severance is warranted. Because all criteria for severance were not satisfied, we conclude the trial court abused its discretion in severing its summary judgment. Accordingly, we sustain Gerald's second issue, reverse the trial court's severance and summary judgment, and remand this case for trial in accordance with this opinion.

## SUPPLEMENTAL OPINION

We issue this supplemental opinion to address certain issues raised in appellee Sally Farrier Owens's motion for rehearing and supplement to motion for rehearing.

## Measure of Damages

On original submission, this court determined that, under New York law, the measure of Sally's damages under the Separation Agreement is the difference between the amount of alimony provided for in the Separation Agreement and the lower amount, if any, owed by Gerald under the divorce judgment after the trial court rules on Gerald's petition to modify.[1] On rehearing, Sally argues that none of the cases cited by this court in its opinion support this measure of damages in a case in which the trial court has not yet ruled on the petition to modify. We disagree. Similar to the instant case, in one of the cases cited by this court, a husband's petition to reduce alimony due under the judgment was joined with the wife's suit to enforce the husband's contractual obligation to pay alimony under a pre-July 19, 1980 separation agreement. *See Rogers v. Rogers,* 162 A.D.2d 1008, 557 N.Y.S.2d 799, 800–01 (N.Y.App.Div.1990). The trial court retroactively lowered the husband's obligations under the judgment to zero but did not rule on the wife's action for breach of the separation agreement. *See id.* The appellate court reversed and held that "[a]ny modification of the judgment *leaves untouched* the right of the supported spouse to maintain an action for breach of contract to collect the difference between a reduced award and the amount provided for in the separation agreement." *Id.* (emphasis added). If modification of the judgment left the contractual right to recover this difference untouched, then this right must have existed before the trial court modified the judgment. The appellate court in *Rogers* concluded that the trial court erred by not determining the supported spouse's rights under both the separation agreement and the divorce judgment. *See id.* *Rogers* supports this court's conclusion on original submission as to the measure of damages under New York law for a party seeking to enforce a pre-July 19, 1980 separation agreement in a proceeding that includes a petition to modify the divorce judgment asserted by the obligor under the separation agreement.

## Texas Family Code Section 159.211(b)

In addition, on rehearing, Sally also asserts that, under section 159.211(b) of the Texas Family Code, Texas courts may not modify the alimony provisions of her divorce judgment. *See* Tex. Fam.Code Ann. § 159.211(b) (Vernon Supp.2005). Sally did not make this argument or any argument based on this statute in the trial court or on original submission. This court cannot affirm the trial court's summary judgment on this basis because it was not asserted in Sally's motion for summary judgment. *See Stiles v. Resolution Trust Corp.,* 867 S.W.2d 24, 26 (Tex.1993) (holding that appellate court cannot affirm trial court's summary judgment on a ground not expressly stated in the motion for summary judgment). Furthermore, the Texas Legislature enacted section 159.211(b) of the Texas Family Code in 2003 and made this statute applicable only to proceedings regarding support obligations or parentage that are commenced on or after September 1, 2003. *See* Act of May 28, 2003, 78th Leg., R.S., ch. 1247, §§ 12, 47, 48, 2003 Tex. Gen. Laws 3521, 3527, 3536–37. Because the proceedings in this case were commenced in 2001, this statute does not apply. *See id.*

---

1. On rehearing, Sally asserts that the trial court ruled on Gerald's petition to modify in its March 9, 2004 letter to counsel. However, this letter does not constitute an order of the trial court. Furthermore, the language of this letter, even if contained in a court order, would not constitute a ruling on Gerald's petition to modify the divorce judgment.

We conclude that Sally's original and supplemental motion for rehearing lack merit and overrule them.