Motion for Rehearing Overruled and Supplemental Opinion filed July 6,
2006









Motion for Rehearing Overruled and Supplemental
Opinion filed July 6, 2006.

                                                                              

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00728-CV

____________

 

GERALD T. OWENS, Appellant

 

V.

 

SALLY FARRIER OWENS, Appellee

 

 

 

On Appeal from the 312th District Court

Harris County, Texas

Trial Court Cause No. 99-48470-D

 

 

 

S U P P L
E M E N T A L  O P I N I O N

            We issue this supplemental opinion to
address certain issues raised in appellee Sally Farrier Owens’s motion for rehearing
and supplement to motion for rehearing.

                                                           Measure
of Damages

            On original submission,
this court determined that, under New York law, the measure of Sally’s damages
under the Separation Agreement is the difference between the amount of alimony
provided for in the Separation Agreement and the lower amount, if any, owed by 








Gerald under the divorce judgment
after the trial court rules on Gerald’s petition to modify.[1] 
On rehearing, Sally argues that none of the cases cited by this court in its
opinion support this measure of damages in a case in which the trial court has
not yet ruled on the petition to modify.  We disagree.  Similar to the instant
case, in one of the cases cited by this court, a husband’s petition to reduce
alimony due under the judgment was joined with the wife’s suit to enforce the
husband’s contractual obligation to pay alimony under a pre-July 19, 1980
separation agreement.  See Rogers v. Rogers, 557 N.Y.S.2d 799, 800–01
(N.Y. App. Div. 1990).  The trial court retroactively lowered the husband’s
obligations under the judgment to zero but did not rule on the wife’s action
for breach of the separation agreement.  See id.  The appellate court
reversed and held that “[a]ny modification of the judgment leaves untouched
the right of the supported spouse to maintain an action for breach of contract
to collect the difference between a reduced award and the amount provided for
in the separation agreement.”  Id. (emphasis added).  If modification of
the judgment left the contractual right to recover this difference untouched,
then this right must have existed before the trial court modified the
judgment.  The appellate court in Rogers concluded that the trial
court erred by not determining the supported spouse’s rights under both the
separation agreement and the divorce judgment.  See id.  Rogers supports this court’s conclusion on original submission as to the measure of
damages under New York law for a party seeking to enforce a pre-July 19, 1980
separation agreement in a proceeding that includes a petition to modify the
divorce judgment asserted by the obligor under the separation agreement.

                                           Texas Family Code Section 159.211(b)

            In addition, on
rehearing, Sally also asserts that, under section 159.211(b) of the Texas
Family Code, Texas courts may not modify the alimony provisions of her divorce
judgment.  See Tex. Fam. Code
Ann. § 159.211(b) (Vernon Supp. 2005).  Sally did not make this argument
or any argument based on this statute in the trial court or on original
submission.  This court cannot affirm the trial court’s summary judgment on
this basis because it was not asserted in Sally’s motion for summary judgment. 
See Stiles v. Resolution Trust Corp., 867 S.W.2d 24, 26 (Tex. 1993) (holding that appellate court cannot affirm trial court’s summary judgment on a
ground not expressly stated in the motion for summary judgment).  Furthermore,
the Texas Legislature enacted section 159.211(b) of the Texas Family Code in
2003 and made this statute applicable only to proceedings regarding support obligations
or parentage that are commenced on or after September 1, 2003.  See Act
of May 28, 2003, 78th Leg., R.S., ch. 1247, §§ 12, 47, 48, 2003 Tex. Gen. Laws 3521, 3527, 3536–37.  Because the proceedings in this case were commenced in
2001, this statute does not apply.  See id. 

            We conclude that Sally’s
original and supplemental motion for rehearing lack merit and overrule them.

 

 

 

 

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Motion for Rehearing Overruled and Supplemental Opinion filed
July 6, 2006.

Panel consists of Justices Hudson, Frost, and Seymore.









[1] 
On rehearing, Sally asserts that the trial court ruled on Gerald’s petition to
modify in its March 9, 2004 letter to counsel.  However, this letter does not
constitute an order of the trial court. Furthermore, the language of this
letter, even if contained in a court order, would not constitute a ruling on
Gerald’s petition to modify the divorce judgment.