OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court for a hearing on whether defendant’s alleged inability to be self-supporting is such as to warrant an upward modification of maintenance.
Since defendant was seeking modification of maintenance on the basis of her "inability to be self-supporting” (Domestic Relations Law § 236 [B] [9] [b]), allegations of change in circumstance were not necessary in order for the court to grant a hearing on whether modification was warranted. As *717 long as the party seeking modification on the basis of "inability to be self-supporting” presents allegations sufficient to raise an issue of fact as to whether he or she has been unable to be self-supporting, as defendant did here, the court should refer the matter for a hearing on whether modification is warranted. Accordingly, inasmuch as it cannot be said that defendant’s allegations of inability to find employment over a six-week period were insufficient to justify upward modification of maintenance on "inability to be self-supporting” grounds as a matter of law, a hearing should be held.
Judges Jasen, Meyer, Simons, Kaye, Alexander and Ti-tone concur; Chief Judge Wachtler taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, and matter remitted to Supreme Court, New York County, for a hearing in accordance with the memorandum herein.