■ E. JOHN ALEXANDER, Respondent, v VIRGINIA ALEXANDER, Also Known as VIRGINIA COLBY, Appellant.—Kane, J. Appeals (1) from an order of the Supreme Court (Prior, Jr., J.), entered August 25, 1986 in Rensselaer County, which granted plaintiff's motion for downward modification of a prior maintenance order, and (2) from an order of said court, entered March 6, 1987 in Rensselaer County, which denied defendant's motion for renewal.

Plaintiff and defendant were divorced pursuant to a judgment dated May 13, 1982. The parties had entered into a stipulation placed on the record in open court on November 12, 1980, which was incorporated but did not merge into the judgment of divorce. Pursuant to the stipulation, plaintiff agreed, *inter alia,* to pay maintenance to defendant in the amount of $215 per week. The stipulation further stated that plaintiff's maintenance obligation was based upon his "present

ability" to pay (i.e., the "present economic circumstances of the parties"). At the time plaintiff entered into the stipulation, he was employed by Sterling Winthrop Research Institute as a chemist. He retired from that position on April 1, 1986, at the age of 62, citing health problems as the reason for his premature retirement.

In contemplation of retirement, plaintiff applied for downward modification of his maintenance obligations. Plaintiff claimed that his retirement income would be insufficient to support weekly payments of $215. In particular, plaintiff stated that it would be an extreme hardship for him to continue paying *any* amount of maintenance to defendant. Supreme Court granted plaintiff's motion, without a hearing, and reduced plaintiff's maintenance obligation to $100 per week. Defendant then moved for renewal, alleging the existence of "recently uncovered" additional evidence. Defendant's motion was denied and the instant appeals by defendant ensued. There must be a reversal.

This case was commenced in June 1980, prior to the effective date of the Equitable Distribution Law (hereinafter EDL) (Domestic Relations Law § 236 [B], as amended by L 1980, ch 281, § 9, eff July 19, 1980). Indeed, at the time of their stipulation, the parties stated on the record that this was a pre-EDL case. Thus, Domestic Relations Law § 236 (A) applies to this case *(see,* Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 236, C236B:1, at 170). This being the case, plaintiff has the burden to demonstrate "an unforeseen, substantial change in circumstances sufficient to warrant a downward modification of the [maintenance] award" *(Ardito v Ardito,* 97 AD2d 830, 831; *see, Hickland v Hickland,* 56 AD2d 978, 979). The change is to be measured by a comparison between the payor's financial circumstances at the time of the stipulation and at the time of the motion for downward modification *(see, Brody v Brody,* 22 AD2d 646, *affd* 19 NY2d 790; Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 236, C236A:8, at 166). Supreme Court failed to consider plaintiff's financial circumstances at the time of the stipulation. Rather, Supreme Court measured plaintiff's change of circumstances by comparing his retirement income with the income he earned *immediately* prior to retirement. The record does not precisely indicate the amount of plaintiff's income at the time of the stipulation. Therefore, the matter should be remitted to Supreme Court for a hearing.

Additionally, since we have reversed the order granting downward modification, defendant's appeal of the denial of her motion to renew has become academic. Finally, we decline to grant defendant's request made to Supreme Court for counsel fees, which issue has not been raised on appeal.

Order entered August 25, 1986 reversed, on the law, without costs, and matter remitted to Supreme Court for further proceedings not inconsistent herewith.

Appeal from order entered March 6, 1987 dismissed, as academic, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.