■ RUDOLPH SCHNOOR, Respondent, v FLORENCE SCHNOOR, Appellant.—In a matrimonial action in which the parties were divorced by a judgment dated December 16, 1980, the defendant former wife appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 23, 1990, which, without a hearing, granted the plaintiff former husband's motion for a downward modification of an unallocated $250 weekly support obligation for maintenance and child support to $100 per week.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The plaintiff and defendant were divorced pursuant to a judgment dated December 16, 1980. Pursuant to the judgment, the plaintiff was required to pay an unallocated amount of $250 for maintenance and child support. The judgment also provided that upon the emancipation of the parties' two minor children, the plaintiff's support obligation would be reduced by $25 per week per child. In June 1990 the plaintiff moved for a

downward modification based in large part on his voluntary retirement on June 1, 1990. The plaintiff also claimed that the two minor children had become emancipated. Without conducting a hearing, the Supreme Court granted the motion and reduced the plaintiff's support obligation to $100 per week.

The grant of the downward modification without a hearing was error. It is well settled that on a motion for an upward or downward modification of support payments, a hearing is necessary on the issue of changed circumstances where the parties' affidavits disclose the existence of genuine questions of fact (see, *Wyser-Pratte v Wyser-Pratte*, 66 NY2d 715; *Grimaldi v Grimaldi*, 167 AD2d 443; *Hofmeister v Hofmeister*, 120 AD2d 802). Here the defendant raised questions as to her ability to support herself, the degree to which the plaintiff was required to support his new wife, and the portion of the unallocated support payments that was attributable to child support. In addition, in determining whether there was an unforeseen, substantial change in circumstances sufficient to warrant a downward modification, the change is to be measured by a comparison between the payor's financial circumstances at the time of the divorce and at the time of the motion for downward modification (see, *Alexander v Alexander*, 134 AD2d 796). Here the Supreme Court apparently failed to consider the plaintiff's financial circumstances at the time of the divorce. Rather, the Supreme Court measured the plaintiff's change of circumstances by comparing his retirement income with the income he earned immediately prior to retirement. While the defendant claimed that the plaintiff's income at the time of the divorce was $32,000, the record does not conclusively establish this amount. Therefore, the matter should be remitted to the Supreme Court, Suffolk County, for a hearing (see, *Alexander v Alexander, supra*). Bracken, J. P., Lawrence, Miller, Copertino and Santucci, JJ., concur.