■ ELAINE SEVERINO, Appellant, v JOSEPH A. SEVERINO, Respondent. [663 NYS2d 285] —In a matrimonial action in which the parties were divorced by judgment of the Supreme Court, Nassau County, entered March 22, 1993, the plaintiff former wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (O'Brien, J.), dated April 25, 1996, as denied, without a hearing, that branch of her motion which was for a downward modification of her child support obligation.

Ordered that the order is reversed insofar as appealed from, with costs, that branch of the plaintiff former wife's motion which was for a downward modification of her child support obligation is granted to the extent that a hearing is directed on this issue, and the matter is remitted to the Supreme Court, Nassau County, for a hearing in accordance herewith.

The plaintiff former wife was, until October 1994, employed by Grumman Aerospace Corporation, earning a gross annual income of $22,464. While the plaintiff was so employed, she agreed to pay $140 per week ($35 per week for each of 4 minor children) in child support, an agreement which was then incorporated into the divorce judgment. The child support provision contained in the judgment recites that the "combined parental income" of the parties was $22,464 per year, that is, the equivalent of the plaintiff's salary at her former place of employment. This reflects the situation as it existed in 1993 when, in the words of the judgment, "the income of the [defendant former husband was] zero". The plaintiff's support obligation was later reduced, by agreement, to $100 per week.

In June 1995 the plaintiff made the present application, seeking, *inter alia,* a reduction in her child support obligations. She averred that she had lost her job at Grumman in October of 1994, and had not found new work until March of 1995. She claimed that at her new job, she earned only $184 per week. In his opposition papers, the defendant acknowledged that he was receiving $1,027 per month from the Social Security Administration, plus an additional benefit on behalf of the children, and $150 per week in "compensation". The plaintiff also alleged that at some point the defendant had received a lump sum benefit of approximately $10,000, and that he worked as an electrician "off the books".

The plaintiff's loss of her former employment, and the defendant's acknowledged current receipt of benefits totalling approximately $1,700 per month (not to mention the additional monthly benefit earmarked for the children), when considered in light of the 1993 judgment, which attributed a salary of zero dollars to the defendant, and which required the plaintiff to pay 100% of the parties' joint child support obligations, should be deemed to constitute an unanticipated and unreasonable change of circumstances sufficient to warrant a hearing on the plaintiff's application for downward modification (*see, Heverin v Sackel,* 239 AD2d 418; *Matter of Boden v Boden,* 42 NY2d 210; *see also, Santora v Nicolini,* 237 AD2d 504; *Matter of Yepes v Fichera,* 230 AD2d 803; *Rosenberg v Rosenberg,* 215 AD2d 365; *Meyer v Meyer,* 205 AD2d 784; *Matter of Glinski v Glinski,* 199 AD2d 994). The parties' conflicting affidavits reveal the existence of genuine issues of fact with respect to the extent to which the plaintiff's obligation should be reduced (*see generally, Wyser-Pratte v Wyser-Pratte,* 66 NY2d 715; *Anderson v Anderson,* 212 AD2d 492; *Schnoor v Schnoor,* 189 AD2d 809). We therefore remit the matter for a hearing. Bracken, J. P., Copertino, Sullivan and McGinity, JJ., concur.