■ Ann Opperisano, Respondent, v Louis G. Opperisano, Appellant. [827 NYS2d 226]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Corrado, J.H.O.), dated August 18, 2005, as, upon an amended decision of the same court dated May 16, 2005, made after a trial, and upon an order of the same court also dated May 16, 2005, in effect, denying

that branch of his motion pursuant to CPLR 4404 (b) which was for a new trial, (a) awarded the plaintiff maintenance in the sum of $65 per week commencing on September 26, 2004 for a period of five years, (b) granted the plaintiff a right of first refusal on the sale of the marital home at the valuation appraised as of August 29, 2003, (c) awarded the plaintiff the sums of $2,860 in maintenance arrears calculated from September 26, 2004 to August 1, 2005, $13,395.23 in expenses on the marital home calculated from August 5, 2004 to August 1, 2005, and $7,344 in child support arrears calculated from September 26, 2004 to May 16, 2005, and (d) directed that the defendant pay the plaintiff one half of her credit card debt of $24,000.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the third, fourth, fifth, and sixth decretal paragraphs, and subsections (a) and (b) of the eleventh decretal paragraph thereof are vacated, that branch of the motion pursuant to CPLR 4404 (b) which was for a new trial is granted, the order dated May 16, 2005 is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for a new trial and thereafter for a new determination consistent herewith.

A court may modify a prior order or judgment of child support or maintenance payments upon a showing of "a substantial change in circumstance" (Domestic Relations Law § 236 [B] [9] [b]; *see Matter of Prisco v Buxbaum,* 275 AD2d 461, 461 [2000]; *Klapper v Klapper,* 204 AD2d 518, 519 [1994]). In his affidavit and supporting papers filed on his motion, in effect, for a new trial, the husband made a prima facie showing that, after the first trial, he had been forced to retire and had been put on disability because of a heart attack and continuing heart disease and, consequently, had suffered a significant loss of income. This was sufficient to warrant a new trial and a new determination on the issues of maintenance and child support (*see Stedfelt v Stedfelt,* 258 AD2d 642, 642 [1999]; *Severino v Severino,* 243 AD2d 702, 703 [1997]; *Schnoor v Schnoor,* 189 AD2d 809, 810 [1993]).

The judgment contains a decretal paragraph directing that the issue of child support would be determined "at a hearing on a date to be set hereafter." However, although that hearing has not yet been held, the judgment, among other things, awards the wife recoveries against the husband of $7,344 in child support arrears and $2,860 in maintenance arrears for a period that includes the months following the filing of the motion for downward modification. This was error (*see Argento v Argento,* 272 AD2d 487, 487 [2000]; *Stedfelt v Stedfelt, supra* at 642;

*Severino v Severino, supra* at 703; *Schnoor v Schnoor, supra* at 810).

We note that both parties refer in their briefs to a stipulation entered into in December 2004 pursuant to which the parties agreed to terminate the husband's obligation to pay child support other than the son's expenses and tuition while at college. The stipulation is not included in the record on appeal, but if there is such a document, the parties may submit it as evidence at the new trial.

The Supreme Court also improvidently exercised its discretion in awarding the wife arrears in expenses of the marital home of $13,395.23. No hearing was ever held to determine whether the husband owed arrears in expenses and, if so, how much he owed. Accordingly, this issue, too, must be determined after the new trial.

Likewise, a hearing is required to determine whether the wife's credit card debt constituted marital debt. "It is well settled that expenses incurred after the commencement of a matrimonial action are the responsibility of the party who incurred them" (*Prince v Prince*, 247 AD2d 457, 457 [1998]). The action was commenced in October 2002, yet a credit card bill dated October 1, 2003 was the only documentary evidence submitted in support of the wife's allegation that the debt represented the consolidation of marital debts. Therefore, absent a hearing, it was error to direct that the husband was responsible for one half of that debt (*see Dermigny v Dermigny*, 23 AD3d 429, 430-431 [2005]; *Koeth v Koeth*, 309 AD2d 786, 786-787 [2003]; *Phillips v Phillips*, 249 AD2d 527, 528 [1998]).

Lastly, the court improvidently exercised its discretion in granting the wife a right of first refusal in purchasing the husband's interest in the marital home, based on the value of the home as appraised two years earlier. In order to avoid the injustice to one spouse which could result from the appreciation in the valuation of the residence since the two-year-old appraisal relied on by the court (*see Wegman v Wegman*, 123 AD2d 220, 232 [1986]; *Sorrentino v Sorrentino*, 116 AD2d 564, 566 [1986]), the marital home should either be sold at its fair market value at the time the sale is actually made (*see Smerling v Smerling*, 177 AD2d 429, 430 [1991]; *Lobotsky v Lobotsky*, 122 AD2d 253, 255 [1986]) or, if the wife chooses to buy out the husband's interest, the value of his interest should be determined based on a new appraisal to be conducted at the time of the new trial. Florio, J.P., Mastro, Rivera and Spolzino, JJ., concur.