■ In the Matter of DENISE L. TOMCZYK, Appellant, v EDWARD G. TOMCZYK, Respondent. [876 NYS2d 726]—

Stein, J. Appeal from an order of the Family Court of Broome County (Charnetsky, J.), entered June 4, 2007, which, in a proceeding pursuant to Family Ct Act article 4, granted respondent's motion to dismiss the modification petition.

The parties' 27-year marriage ended pursuant to a June 16, 2003 judgment of divorce which, among other things, required respondent to pay spousal maintenance to petitioner in the amount of $290 per week. Respondent petitioned for modification of the maintenance award in July 2006, citing a negative change in his financial circumstances resulting from the termination of his employment. Following a hearing in October 2006, at which petitioner was not represented by counsel, a Support Magistrate found that respondent's maintenance obligation should terminate. Upon petitioner's written objections to the Support Magistrate's order, Family Court upheld the Support Magistrate's determination, specifically rejecting supplemental objections filed by petitioner's attorney (presumably newly retained) on the basis that they were untimely. Petitioner failed to appeal Family Court's order.[1]

Thereafter, in February 2007, petitioner filed a petition for modification of spousal support based on a deterioration in her financial circumstances since the termination of her maintenance payments. The Support Magistrate granted respondent's motion to dismiss the petition without a hearing, after determining that petitioner had alleged no new issues of fact which would entitle her to relief. Petitioner filed written objections and Family Court again upheld the Support Magistrate's determination. Petitioner now appeals. Because we find that petitioner was entitled to a hearing, we reverse.

The petition contains allegations that, although petitioner had assets of approximately $30,000 at the time of the prior or-

---

1. Petitioner's counsel contends that petitioner attempted to file an appeal of this order, but that the appeal was rejected as untimely.

der, such assets had since been dissipated, forcing her to live on $439.60 a month.[2] In addition, in petitioner's affidavit in opposition to respondent's motion to dismiss the petition, she alleges that this income is insufficient to meet her needs and that she is "living well below the poverty line." Assuming, without finding, that the petition did not set forth an adequate change in circumstances to warrant a hearing, since petitioner "was seeking modification of maintenance on the basis of her 'inability to be self-supporting,' allegations of change in circumstance were not necessary in order for the court to grant a hearing on whether modification was warranted" (*Wyser-Pratte v Wyser-Pratte*, 66 NY2d 715, 716-717 [1985] [citation omitted]; *see* Domestic Relations Law § 236 [B] [9] [b]; *Mitchell v Mitchell*, 56 AD3d 740, 740 [2008]).

Cardona, P.J., Rose, Kane and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion denied, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.

---

2. Notably, the record indicates that such income is a Social Security disability allowance based on petitioner's mental illness.