■ KAREN A. CONWAY, Respondent, v THOMAS E. CONWAY, Appellant. [912 NYS2d 700]—

In a matrimonial action in which the parties were divorced by judgment entered March 25, 2008, the defendant appeals from an order of the Supreme Court, Nassau County (Zimmerman, J.), entered March 17, 2009, which denied, without a hearing, his motion for a downward modification of his child support obligation.

Ordered that the order is affirmed, without costs or disbursements.

The defendant moved for a downward modification of his child support obligation, contending that he was unemployed and that there had been a substantial change in his financial circumstances since the time of the judgment of divorce, when the Supreme Court had determined that he was earning $38,000 per year. Where child support obligations are set by the court in a divorce action and not by stipulation, a court may modify a prior order or judgment as to child support "upon a showing of . . . a substantial change in circumstance . . . including financial hardship" (Domestic Relations Law § 236 [B] [9] [b] [1]; see Pollack v Pollack, 3 AD3d 482, 483 [2004]). "The party seeking modification of a support order has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (Matter of Perrego v Perrego, 63 AD3d 1072, 1073 [2009]; see Matter of Nieves-Ford v Gordon, 47 AD3d 936 [2008]). "[A] hearing is necessary on the issue of changed circumstances where the parties' affidavits disclose the existence of genuine questions of fact" (Schnoor v Schnoor, 189 AD2d 809, 810 [1993]; see generally Wyser-Pratte v Wyser-Pratte, 66 NY2d 715, 716-717 [1985]).

"A parent's loss of employment may constitute a change of circumstances warranting a downward modification where he or she has diligently sought re-employment" (Reynolds v Reynolds, 300 AD2d 645, 646 [2002]; see Matter of Ketcham v Crawford, 1 AD3d 359, 360-361 [2003]; Matter of Meyer v Meyer, 205 AD2d 784 [1994]). Here, the defendant failed to make a prima facie showing that he was diligently seeking employment. Furthermore, although he asserted that he was awaiting a decision on an application for Social Security disability benefits, he failed to submit any evidence demonstrating that he was currently suffering from a disability, or that his inability to obtain employment was due to a disability (cf. Opperisano v Opperisano, 35 AD3d 686 [2006]; Stedfelt v Stedfelt, 258 AD2d 642

[1999]). Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion for a downward modification of his child support obligation without a hearing (*see generally Wyser-Pratte v Wyser-Pratte*, 66 NY2d at 716-717; *Schnoor v Schnoor*, 189 AD2d at 810). Covello, J.P., Angiolillo, Dickerson and Belen, JJ., concur.