■ DOREEN DEY RITCHEY, Respondent, v JEFFREY WAYNE RITCHEY, Appellant. [920 NYS2d 105]—

A party seeking to modify a child support provision contained in a stipulation of settlement that has been incorporated but not merged into a judgment of divorce must demonstrate a substantial "unanticipated[ ] and unreasonable change in circumstances" (*Klein v Klein*, 74 AD3d 753 [2010]; *see Schlakman v Schlakman*, 38 AD3d 640 [2007]; *Praeger v Praeger*, 162 AD2d 671 [1990]; *Epel v Epel*, 139 AD2d 488, 488 [1988]). "Absent a prima facie demonstration of entitlement to a downward modification, the party seeking modification has no right to a hearing" (*Lewis v Lewis*, 43 AD3d 462, 463 [2007]; *Miller v Miller*, 18 AD3d 629 [2005]; *Mishrick v Mishrick*, 251 AD2d 558 [1998]). "A hearing is necessary on the issue of changed circumstances where the parties' affidavits disclose the existence of genuine questions of fact" (*Schnoor v Schnoor*, 189 AD2d 809, 810 [1993]; *see Conway v Conway*, 79 AD3d 965 [2010]; *David v David*, 54 AD3d 714 [2008]; *see generally Wyser-Pratte v Wyser-Pratte*, 66 NY2d 715, 716-717 [1985]).

"A parent's loss of employment may constitute a change of circumstances warranting a downward modification where he or she has diligently sought re-employment" (*Reynolds v Reynolds*, 300 AD2d 645, 646 [2002]; *see Conway v Conway*, 79 AD3d 965 [2010]; *Matter of Ketcham v Crawford*, 1 AD3d 359, 360-361 [2003]; *Matter of Meyer v Meyer*, 205 AD2d 784 [1994]). Here, the defendant made a prima facie showing of a substantial unanticipated and unreasonable change in circumstances by submitting an affidavit in support of his motion in which he averred that he unexpectedly lost his job, that he was regularly sending resumes to potential employers, that he had been on numerous interviews in search of new employment, and that he was unable to find work (*see David v David*, 54 AD3d 714 [2008]; *Lewis v Lewis*, 43 AD3d at 463; *Reynolds v Reynolds*, 300 AD2d at 646; *Severino v Severino*, 243 AD2d 702, 703 [1997]; *cf. Conway v Conway*, 79 AD3d 965 [2010]). Accordingly, that branch of the defendant's motion which was for a downward modification of his child support obligations was improperly denied without a hearing (*see Wyser-Pratte v Wyser-Pratte*, 66 NY2d at 716-717; *David v David*, 54 AD3d 714 [2008]; *Schnoor v Schnoor*, 189 AD2d at 810). Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.