■ GINA REBACK, Respondent, v DAVID REBACK, Appellant. [939 NYS2d 711]—

In a matrimonial action in which the parties were divorced by judgment dated August 30, 2007, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Tolbert, J.), dated October 4, 2010, as denied, without a hearing, his motion for a downward modification of his maintenance and child support obligations and granted those branches of the plaintiff's cross motion which were (a) for an award of counsel fees, and (b) to require him to post an undertaking to the extent of directing him to post an undertaking in the sum of $45,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Where a party seeks to modify a maintenance obligation set forth in a judgment of divorce, that party must show a substantial change in circumstances warranting such a modification" (*LiGreci v LiGreci*, 87 AD3d 722, 724 [2011]; *see* Domestic Relations Law § 236 [B] [9] [b] [1]). Similarly, the party seeking modification of a child support order has the burden of establishing the existence of a substantial change in circumstances (*see Conway v Conway*, 79 AD3d 965 [2010]).

On a motion for downward modification of child support and maintenance obligations, an evidentiary hearing is necessary only where the proof submitted by the movant is sufficient to

show the existence of a genuine issue of fact (*see Trainor v Trainor*, 188 AD2d 461 [1992]). Here, the defendant failed to submit any evidence demonstrating that the asserted reduction in his income was the result of anything other than his own self-created hardship (*see Matter of Knights v Knights*, 71 NY2d 865, 867 [1988]; *Matter of Grettler v Grettler*, 12 AD3d 602, 603 [2004]; *Frasca v Frasca*, 213 AD2d 589, 590 [1995]). Therefore, contrary to the defendant's contention, the Supreme Court properly denied, without a hearing, his motion for a downward modification of his maintenance and child support obligations.

The Supreme Court properly granted that branch of the plaintiff's cross motion which was for an award of counsel fees (*see* Domestic Relations Law § 237; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]). The court did not err in granting that branch of the plaintiff's cross motion which was to require the defendant to post an undertaking to the extent of directing him to post an undertaking in the sum of $45,000 (*see* Domestic Relations Law § 243). Dillon, J.P., Leventhal, Belen and Lott, JJ., concur.