*888 The defendant met his burden of proving that a substantial and unanticipated change in circumstances warranted a reduction of his pendente lite support obligation (see generally Matter of Rodriguez v Mendoza-Gonzalez, 96 AD3d 766 [2012]; Matter of Riendeau v Riendeau, 95 AD3d 891 [2012]; Reback v Reback, 93 AD3d 652, 652-653 [2012]). However, given that the parties’ affidavits revealed the existence of genuine issues of fact as to the amount by which the defendant’s support obligation should be reduced, the matter must be remitted to the Supreme Court, Queens County, for a hearing on that issue and, thereafter, a new determination as to the amount of such reduction (see Ritchey v Ritchey, 82 AD3d 948, 949 [2011]; Severino v Severino, 243 AD2d 702, 703 [1997]; Schnoor v Schnoor, 189 AD2d 809, 810 [1993]).
The Supreme Court properly denied the plaintiffs cross motion for an award of an attorney’s fee for defending against the defendant’s motion. Contrary to the plaintiffs contention set forth in her motion papers, the defendant’s motion was not frivolous (see Muller v Muller, 233 AD2d 486, 487-488 [1996]; 22 NYCRR § 130-1.1). Dillon, J.E, Balkin, Austin and Cohen, JJ., concur.