In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Mc-Nulty, J.), dated January 4, 2012, which granted the defendant’s motion for a downward modification of his child support obligation.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for a downward modification of his child support obligation is denied.
The defendant sought modification of a child support obligation contained in a stipulation of settlement. To obtain such *823 relief, the defendant was required to demonstrate “a substantial and unanticipated change in circumstances since the entry of the judgment of divorce” (Matter of Peterson v Peterson, 75 AD3d 512, 512 [2010] [internal quotation marks omitted]; see L 2010, ch 182, § 13; Matter of Riendeau v Riendeau, 95 AD3d 891, 892 [2012]; Matter of Karagiannis v Karagiannis, 73 AD3d 1064, 1065 [2010]).
Among several factors that may be considered on this motion for downward modification of child support, a court may consider whether “a supporting parent’s claimed financial difficulties are the result of that parent’s intentional conduct” (Matter of Knights v Knights, 71 NY2d 865, 866 [1988]). Here, the record demonstrated that the defendant’s financial difficulties were the result of his intentional criminal conduct and subsequent incarceration. Moreover, although the defendant averred that he was forced to shut down his businesses in 2007 due to a federal criminal investigation, and at some point began cooperating with the federal government, he did not aver that the federal authorities prevented him from obtaining any other form of employment or from earning income prior to his incarceration in 2011. Nonetheless, the defendant did not offer any evidence of efforts he made during those years to earn money (cf. Matter of Rodriguez v Mendoza-Gonzalez, 96 AD3d 766, 767 [2012]; Matter of Aranova v Aranov, 77 AD3d 740, 741 [2010]; see generally Matter of Belmonte v Dreher, 77 AD3d 937 [2010]). Indeed, the evidence showed that during that time the defendant simply continued to deplete a child support reserve held in escrow without replenishing it, even though he was required by the terms of the parties’ stipulation to replenish the account. Accordingly, under the circumstances of this case, the defendant failed to show a substantial and unanticipated change of circumstances warranting a reduction of his child support obligation (see Matter of Knights v Knights, 71 NY2d 865, 867 [1988]; Reback v Reback, 93 AD3d 652, 653 [2012]; Matter of Grettler v Grettler, 12 AD3d 602, 603 [2004]; Frasca v Frasca, 213 AD2d 589 [1995]; Romanous v Romanous, 181 AD2d 872 [1992]; see also Matter of Nieves-Ford v Gordon, 47 AD3d 936, 937 [2008]; Matter of Department of Social Seros, v Richard C., 250 AD2d 766 [1998]). The defendant’s motion should, therefore, have been denied. Skelos, J.P., Hall, Roman and Cohen, JJ., concur.