■ PAULETTE J. SPIEGEL-PORCO, Respondent, v ELLIOTT P. PORCO, Appellant. [6 NYS3d 597]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Colangelo, J.), dated August 23, 2013, as denied, without a hearing, the defendant's cross motion, inter alia, for a downward modification of his child support obligation.

Ordered that the order is affirmed insofar as appealed from, with costs.

A party seeking modification of a child support award has the burden of establishing the existence of a substantial change of circumstances (*see* Domestic Relations Law § 236 [B] [9] [b] [2] [i]; *Reback v Reback*, 93 AD3d 652 [2012]; *Conway v Conway*, 79 AD3d 965 [2010]). "[A]n evidentiary hearing is necessary only where the proof submitted by the movant is sufficient to show the existence of a genuine issue of fact" (*Reback v Reback*, 93 AD3d at 652-653; *see Conway v Conway*, 79 AD3d at 965).

On November 7, 2012, the defendant cross-moved, inter alia, for a downward modification of his child support obligation set forth in the parties' judgment of divorce entered July 26, 2012. The defendant failed to demonstrate the existence of any genuine issue of fact regarding the existence of a change of circumstances during the intervening period of time that would warrant a hearing on his cross motion to reduce his child support obligation. To the contrary, the circumstances identified by the defendant existed at the time the initial award of child support

was determined. Accordingly, the Supreme Court properly denied, without a hearing, that branch of the defendant's cross motion which was for a downward modification of his child support obligation (*see Reback v Reback*, 93 AD3d at 652-653; *Conway v Conway*, 79 AD3d at 965-966; *see also Matter of Macari v Marichal*, 107 AD3d 808 [2013]; *Matter of Bono v Pitre*, 97 AD3d 743 [2012]).

The remainder of the defendant's cross motion was properly denied. The defendant did not set forth any proper basis for the Supreme Court to resettle or modify the judgment of divorce (*see* CPLR 5019 [a]; *JSO Assoc., Inc. v Price*, 104 AD3d 737 [2013]; *Adams v Fellingham*, 52 AD3d 443, 444-445 [2008]). Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.