■ In the Matter of BRYAN PEPE, Respondent, v KRISTIN PEPE, Appellant. (Proceeding No. 1.) In the Matter of KRISTIN

PEPE, Appellant, v BRYAN PEPE, Respondent. (Proceeding No. 2.) [9 NYS3d 161]—

Appeals from (1) an order of the Family Court, Rockland County (William P. Warren, J.), dated June 17, 2014, and (2) an order of that court dated September 16, 2014. The first order, insofar as appealed from, granted the father's objection to so much of an order of that court (Catherine M. Miklitsch, S.M.), entered April 8, 2014, as amended May 29, 2014, as denied his petition for a downward modification of his child support obligations as set forth in an order of support dated September 27, 2012, and thereupon granted the petition and reduced the father's support obligations. The second order, insofar as appealed from, denied the mother's objections to stated portions of the amended order which, inter alia, (1) denied, without prejudice, the mother's request for certain child care arrears, (2) modified the order of support dated September 27, 2012, by directing the father, effective February 13, 2013, to pay only 60% of child care expenses directly to the mother, (3) directed him, commencing on February 28, 2014, to make payments of only $50 weekly to the mother, through the New York State Support Collection Unit, to repay support arrears, and (4) failed to award her an attorney's fee under Family Court Act § 454 (3).

Ordered that the order dated June 17, 2014, is reversed insofar as appealed from, on the law and the facts, the father's objection to so much of the order entered April 8, 2014, as amended May 29, 2014, as denied his petition for a downward modification of his child support obligations is denied, and the child support obligations set forth in the order of support dated September 27, 2012, are reinstated; and it is further,

Ordered that the order dated September 16, 2014, is modified, on the law and the facts, (1) by deleting the provision thereof denying the mother's objection to so much of the amended order dated May 29, 2014, as modified the order of support dated September 27, 2012, by directing the father, effective February 13, 2013, to pay 60% of child care expenses directly to the mother, and substituting therefor a provision granting that objection by the mother, vacating that portion of the amended order dated May 29, 2014, and reinstating the provision in the order of support dated September 27, 2012, which directed the father to pay child care expenses in the sum of $147.12 per week, payable to the New York State Support Collection Unit, effective December 6, 2013, and (2) by deleting

the provision thereof denying the mother's objection to so much of the amended order dated May 29, 2014, as directed the father, commencing on February 28, 2014, to make payments of $50 weekly to the mother, through the New York State Support Collection Unit, to repay support arrears, and substituting therefor a provision granting that objection to the extent of vacating that portion of the amended order dated May 29, 2014; as so modified, the order dated September 16, 2014, is affirmed insofar as appealed from, and the matter is remitted to the Family Court, Rockland County, for a determination under Family Court Act § 454 (3) regarding an award of an attorney's fee to the mother's attorney; and it is further,

Ordered that one bill of costs is awarded to the mother.

The parties were married on June 13, 2009, and divorced on September 27, 2012. They have one son, born on September 4, 2010. Pursuant to the terms of a settlement agreement entered into on April 12, 2012, which was incorporated but not merged into the judgment of divorce, the father was ordered to pay, through the New York State Support Collection Unit (hereinafter the SCU), the sum of $245.19 per week toward basic child support and $147.12 per week for child care expenses.

In February 2013, the father petitioned for a temporary reduction in his child support obligations, claiming a substantial change in circumstances because of an injury that would prevent him from working for a period of 6 to 10 weeks.

In March 2013, the mother obtained a money judgment against the father for $2,983.70 in child support arrears, and subsequently filed two violation petitions in May 2013, claiming that the father willfully failed to pay the money judgment and refused to pay additional child support, child care expenses, and unreimbursed medical expenses incurred since then.

By order entered April 8, 2014, after hearings held in October and December of 2013, the Support Magistrate, inter alia, denied the father's petition with prejudice, adjudged that the father willfully violated the prior support order, and determined the amount of all arrears up to December 6, 2013 (the final date of the hearing), but denied, without prejudice, the mother's request for child care expenses incurred from February 13, 2013, until December 6, 2013. The order also directed the father to repay arrears through the SCU at a rate of $50 per week.

An amended order and amended findings of fact were issued by the Support Magistrate on May 29, 2014. The amendments corrected a typographical error and added a new decretal paragraph confirming the father's obligation to pay 60% of

child care expenses directly to the mother, effective February 13, 2013. Objections to the amended order were submitted by both parties to the court.

By order dated June 17, 2014, the Family Court granted the father's objection to so much of the Support Magistrate's order entered April 8, 2014, as amended on May 29, 2014, as denied his petition for a downward modification, and thereupon, granted the father's petition and reduced his child support obligations to $94.35 per week from February 20, 2013, until April 10, 2014.

By order dated September 16, 2014, the Family Court, among other things, denied the mother's objections to the Support Magistrate's amended order dated May 29, 2014.

Since the parties' stipulation of settlement, which set forth the father's child support obligations, was executed after the effective date of the 2010 amendments to Family Court Act § 451 (see L 2010, ch 182, § 13), in order to establish his entitlement to a downward modification of his child support obligations, the father had the burden of establishing "a substantial change in circumstances" (Family Ct Act § 451 [3] [a]; cf. Matter of Suchan v Eagar, 121 AD3d 910 [2014]). A party seeking modification due to illness or injury "must show that he or she is incapable of working or has made a good faith effort to obtain other employment commensurate with his or her abilities or qualifications" (Matter of Gavin v Worner, 112 AD3d 928, 929 [2013]). Here, the father failed to submit any competent medical proof of the extent of his injury and incapacity to work. The father's uncertified medical records were never introduced into evidence—nor could they have been (see Kotlyar v Strogov, 58 AD3d 693 [2009]; CPLR 4518)—and the father did not accept the Support Magistrate's offer to have his attending physician testify by phone.

Moreover, the father's petition sought only to reduce his support obligations for a limited period of approximately three months between his injury on February 11, 2013, and his return to full-time work on May 15, 2013. The Support Magistrate, having had an opportunity to hear the father's testimony and evaluate his credibility, found that he did not submit a complete picture of his finances and, therefore, did not establish a substantial change in his circumstances during the relevant three-month period. We accord deference to a Support Magistrate's credibility determinations (see Matter of Ippolito v Uriarte, 112 AD3d 716, 717 [2013]), and we discern no reason to disturb the hearing court's findings of fact on this point.

Therefore, it was error for the Family Court, in its order

dated June 17, 2014, to grant the father's objections and modify the order and findings of the Support Magistrate on this point, and the error was compounded by the court's decision, sua sponte, to extend the downward modification for a period of almost one year beyond the three months requested by the father in his petition.

The Support Magistrate erred, in the amended order, in failing to continue the order of support dated September 27, 2012, in the sum of $147.12 per week toward child care expenses, payable to the mother through the SCU, and directing instead, effective February 13, 2013, that the father pay 60% of child care expenses directly to the mother.

Absent a petition to modify the terms of the existing order of support with respect to child care, the Family Court had no authority to discontinue the father's weekly payment of $147.12 to the mother through the SCU. If the parties' circumstances have changed and the actual costs of child care are less than what had been determined at the time of the divorce in September of 2012, the father may petition the court for a downward adjustment of the weekly sum to be paid through the SCU (*see Matter of Scarduzio v Ryan*, 86 AD3d 573 [2011]). Unless and until such a petition is granted, however, the terms of the existing order of support should be continued. Therefore, the Family Court should have granted the mother's objection to the provision of the amended order which directed the father, effective February 13, 2013, to pay 60% of child care expenses directly to the mother.

The Support Magistrate erred in directing the father to repay the arrears at the rate of $50 per week, commencing on February 28, 2014, payable to the mother through the SCU. Where, as here, the relevant order of support is being enforced pursuant to Social Services Law § 111-g, the court's role is limited to establishing the amount of child support arrears and notifying the parties that such amount shall be enforced by the SCU pursuant to an execution for support enforcement as provided for in CPLR 5241 (b), and the court shall not direct the schedule of repayment of retroactive support (*see* Family Ct Act § 440 [1] [a]; *Matter of Tosques v Ponyicky*, 89 AD3d 1097, 1098 [2011]). Therefore, the mother's objection to that portion of the Support Magistrate's amended order should have been granted.

In light of the finding of willfulness, we remit the matter to the Family Court, Rockland County, for a determination under Family Court Act § 454 (3) regarding an award of an attorney's fee to the mother's attorney.

The mother's remaining contentions are unpreserved for ap-

pellate review, refer to matter dehors the record, are rendered academic in light of our determination, or are without merit. Rivera, J.P., Hall, Austin and LaSalle, JJ., concur.