■ In the Matter of DAVID LAGANI, Appellant, v WENZHU LI, Respondent. [16 NYS3d 863]—

Appeal from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), dated June 20, 2014. The order denied the father's objections to a prior order of that court (Rosa Cabanillas Thompson, S.M.), dated October 22, 2013, which, without a hearing, granted that branch of the mother's motion which was to dismiss his petition for a downward modification of his child support obligation.

Ordered that the order dated June 20, 2014, is affirmed, without costs or disbursements.

The parties entered into a stipulation of settlement on July 3, 2012, which was incorporated but not merged into their judgment of divorce on March 18, 2013. The stipulation provided that the mother would have custody of their two children and it set the amount of child support the father would pay. The parties agreed, among other things, to waive their rights under the provisions of the Child Support Standards Act (Domestic Relations Law § 240 [1-b]) that establish the presumptive amount of child support. It was agreed that the father would pay child support in the amount of $3,000 a month, which was in excess of the amount that would have been set under the Child Support Standards Act. The stipulation also stated that the parties were advised of Domestic Relations Law § 236 (B) (9) (b) and Family Court Act § 451 and the possible application of those provisions to the child support terms set forth in the stipulation.

The father subsequently petitioned for a downward modification of his child support obligation, alleging that there had been a substantial change of circumstances since the execution of the stipulation, in that the mother had obtained full-time employment and her gross income had increased by 15%. The mother moved, inter alia, to dismiss the petition, arguing that her employment had recently been terminated, and she submitted a severance agreement and general release to that effect. Without conducting a hearing, the Support Magistrate granted that branch of the mother's motion which was to dismiss the petition, and the father subsequently filed objections with the Family Court, which were denied.

The parties' stipulation of settlement, which set forth the father's child support obligation, was executed after the effective date of the 2010 amendments to Family Court Act § 451 (see L 2010, ch 182, § 13). Thus, in order to establish his entitlement to a downward modification of his child support obligation, the father had the burden of establishing "a substantial

change in circumstances" (*Matter of Pepe v Pepe*, 128 AD3d 831, 834 [2015] [internal quotation marks omitted]; *see* Family Ct Act § 451 [3] [a]; *cf. Matter of Suchan v Eagar*, 121 AD3d 910 [2014]). Furthermore, Family Court Act § 451 (3) (b) (ii) allows for modification, unless the parties have specifically opted out, when "there has been a change in either party's gross income by fifteen percent or more since the order was entered, last modified, or adjusted."

Contrary to the mother's contention, a review of the stipulation reveals that the parties only agreed to opt out of the presumptive child support amount determined under the Child Support Standards Act and did not opt out of the modification provisions under Family Court Act § 451 (3) (b) (ii). The stipulation expressly allows the father to petition to modify his child support obligation under Family Court Act § 451.

Contrary to the father's contention, a hearing was not required on the issue of changed circumstances. "Upon an application to set aside or vacate an order of support, no hearing shall be required unless such application shall be supported by affidavit and other evidentiary material sufficient to establish a prima facie case for the relief requested" (Family Ct Act § 451 [1]). A "hearing is necessary on the issue of changed circumstances where the parties' affidavits disclose the existence of genuine questions of fact" (*Conway v Conway*, 79 AD3d 965, 965 [2010] [internal quotation marks omitted]; *see Schnoor v Schnoor*, 189 AD2d 809, 810 [1993]; *see also Spiegel-Porco v Porco*, 127 AD3d 849 [2015]; *Reback v Reback*, 93 AD3d 652, 653 [2012]). Here, the mother attached documentation to her motion to dismiss the petition demonstrating that she had been terminated from her job and was consequently unemployed again, just as she was at the time of the parties' stipulation. The father did not dispute that the mother was unemployed. Since the undisputed evidence refuted the allegations in the petition and showed that there was no substantial change in circumstances, there was no genuine issue of fact that would necessitate a hearing (*see Spiegel-Porco v Porco*, 127 AD3d 849 [2015]; *Reback v Reback*, 93 AD3d at 653; *Conway v Conway*, 79 AD3d 965 [2010]). Under these circumstances, the "Family Court did not err in disposing of the matter without conducting a hearing and without enforcing petitioner's right to compulsory financial disclosure by respondent" (*Matter of Hernandez v Hernandez*, 15 AD3d 946, 947 [2005]; *see* Family Ct Act § 424-a).

Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order granting, without

a hearing, that branch of the mother's motion which was to dismiss the petition for a downward modification of his child support obligation. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.