■ In the Matter of MIRIAM S. KOLODNY, Respondent, v JOSEPH Y. PERLMAN, Appellant. (Proceeding No. 1.) In the Matter of JOSEPH Y. PERLMAN, Appellant, v MIRIAM S. KOLODNY, Respondent. (Proceeding No. 2.) [38 NYS3d 613]—

Appeal by the father from an order of the Family Court, Kings County (Alan Beckoff, J.), dated June 23, 2015. The order denied the father's objections to seven orders of that court (Kathryn A. Baur, S.M.), all dated February 23, 2015, which respectively, after a hearing, (a) granted the mother's petition to enforce the child support provisions of the parties' stipulation of settlement, (b) in effect, denied, with prejudice, his petition for a downward modification of his child support obligation, (c) in effect, denied, with prejudice, his petition to adjudicate the mother in willful violation of the child support provisions of the stipulation of settlement, (d) denied, as academic, his motion to direct certain nonparties to comply with judicial subpoenas duces tecum dated October 17, 2014, (e) denied, as academic, his motion to direct the mother and certain nonparties to comply with judicial subpoenas duces tecum dated January 7, 2015, (f) denied, as academic, his motion to disqualify the mother's attorney and for a protective order vacating a notice for discovery and inspection of the mother, and (g) denied, as academic, his motion to impose a sanction on the mother's attorney for engaging in frivolous conduct.

Ordered that the order dated June 23, 2015, is modified, on the law, (1) by deleting the provision thereof denying the father's objection to the first order dated February 23, 2015, which granted the mother's petition, and substituting therefor

a provision granting that objection to the extent of remanding the matter to the Support Magistrate for a hearing and a new calculation of the father's income which excludes the amount of any bonuses earned by him and otherwise denying that objection, and (2) by deleting the provision thereof denying the father's objection to so much of the second order dated February 23, 2015, as, in effect, provided that the denial of his petition for a downward modification of his child support obligation was with prejudice, and substituting therefor a provision granting that objection and thereupon modifying the second order dated February 23, 2015, to provide that the denial of the father's petition for a downward modification of his child support obligation is without prejudice; as so modified, the order dated June 23, 2015, is affirmed, without costs or disbursements.

The parties, who were married on May 5, 2005, have three children together. Pursuant to the terms of a stipulation of settlement dated April 14, 2013, which was incorporated but not merged into a judgment of divorce dated August 15, 2013, the father was required to pay the sum of $1,094 semi-monthly for basic child support for the children, $187.50 semi-monthly for private school tuition charges, and one half of the children's summer camp expenses. The parties agreed in the stipulation that in the event that the father's salary "shall increase by any amount other than by an increase based upon a bonus that he receives, which is accounted for [in another provision], the child support, tuition obligation and summer camp obligation . . . shall increase by the same percentage as the increase in the [father]'s base salary."

In April 2014, the mother commenced a child support proceeding pursuant to Family Court Act article 4 to enforce the child support provisions of the stipulation by increasing the father's child support obligation based on an increase in his salary, in accordance with the stipulation's modification provision. Subsequently, in January 2015, the father filed a petition for a downward modification of his child support obligation and a separate petition to adjudicate the mother in willful violation of the stipulation's child support provisions. The father also moved, among other things, to direct the mother and certain nonparties to comply with judicial subpoenas duces tecum, for a protective order vacating a notice for discovery and inspection of the mother, and to disqualify the mother's attorney.

After a consolidated hearing, the Support Magistrate granted the mother's petition and recalculated the father's child sup-

port obligation based on an increase in the father's salary. The Support Magistrate awarded the mother child support of $1,883.50 semi-monthly, consisting of $1,608 semi-monthly for basic child support and $275.50 semi-monthly for tuition costs, and directed the father to pay 73.5% of future summer camp expenses. In addition, the Support Magistrate, in effect, denied the father's petitions with prejudice, and denied the father's motions as academic. The father filed objections to the Support Magistrate's determinations, and the Family Court denied his objections. The father appeals from the order denying his objections.

The Family Court correctly denied the father's objection to the Support Magistrate's determination that he failed to establish a change in circumstances that would warrant a downward modification of his child support obligation. The parties' stipulation was executed after the effective date of the 2010 amendments to Family Court Act § 451 (*see* L 2010, ch 182, § 13). Thus, in order to establish his entitlement to a downward modification of his child support obligation, the father, who did not rely on the modification provision in the parties' stipulation, "had the burden of establishing 'a substantial change in circumstances' " (*Matter of Lagani v Li*, 131 AD3d 1246, 1247-1248 [2015], quoting *Matter of Pepe v Pepe*, 128 AD3d 831, 834 [2015]; *see* Family Ct Act § 451 [3] [a]). "When determining whether a change in circumstances warranting a modification has occurred, courts must consider several factors, including a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent" (*Matter of Milton v Tormey-Milton*, 133 AD3d 857, 858 [2015] [internal quotation marks omitted]; *see Matter of Baumgardner v Baumgardner*, 126 AD3d 895, 897 [2015]; *Matter of Nieves-Ford v Gordon*, 47 AD3d 936, 936 [2008]). "A substantial change in circumstances may be measured by comparing the parties' financial situation at the time of the application for modification with that existing at the time the order [or judgment] sought to be modified was issued" (*Matter of Baumgardner v Baumgardner*, 126 AD3d at 897; *see Matter of Nuesi v Gago*, 103 AD3d 897, 898 [2013]). Contrary to the father's contention, he failed to establish that his financial situation had deteriorated between the issuance of the judgment of divorce and the time he filed his modification petition (*see Matter of Ish-Shalom v Wittmann*, 81 AD3d 648, 648 [2011]), or a substantial improvement in the mother's financial condition warranting a reduction in child support (*see Matter of Nieves-Ford v Gordon*, 47 AD3d at 937; *Carr v Carr*, 187 AD2d 407, 408 [1992]).

However, the father's petition for a downward modification of his child support obligation should not have been, in effect, denied "with prejudice" to the filing of any subsequent petition for modification of child support. The Family Court has continuing jurisdiction to modify a prior order of child support pursuant to Family Court Act § 451. Therefore, the court should have granted the father's objection to so much of the second order dated February 23, 2015, as, in effect, denied the father's modification petition with prejudice (*see Matter of Rolko v Intini*, 128 AD3d 705, 706-707 [2015]).

The Family Court also should have granted the father's objection to the Support Magistrate's order granting the mother's petition to the extent of remanding the matter to the Support Magistrate for a hearing and a new calculation of the father's income which excluded the amount of any bonuses. The father argued in his objections that the amount of income used by the Support Magistrate in her calculation of his increased child support obligation included a bonus, which should have been excluded from the calculation pursuant to the modification provision in the stipulation. The stipulation provides for an increase in child support based on an increase in the father's salary "by any amount other than by an increase based upon a bonus." The documentary evidence introduced by the father during the hearing raised a question as to whether part of his income included a bonus, which warranted a hearing to determine whether a new calculation of the father's income was required.

The Family Court properly denied the father's objection to the Support Magistrate's determination that the mother was not obligated to pay herself child support in the amount of $604 per month pursuant to the terms of the stipulation, and that she therefore did not willfully violate the child support provisions incorporated into the judgment of divorce by failing to make such payments (*see generally Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995]; *cf. Matter of Lomanto v Schneider*, 78 AD3d 1536, 1537 [2010]).

The father's contention that his statutory basic child support obligation recited in the stipulation was incorrectly calculated is unpreserved for appellate review, as the father failed to raise the issue in his objections to the Support Magistrate's orders (*see Matter of Stoll v Stoll*, 132 AD3d 1004, 1006 [2015]; *Matter of Pizzuto v Pizzuto*, 129 AD3d 846, 847 [2015]; *Matter of Ouimet v Ouimet*, 193 AD2d 1099, 1099 [1993]). Further, the Family Court correctly denied the father's objections to so much of the Support Magistrate's orders as denied, as academic,

those branches of his motions which were to disqualify the mother's attorney, compel the mother and the nonparties to comply with his judicial subpoenas duces tecum, and for a protective order vacating the mother's notice for discovery and inspection (*see Matter of Abidi v Antohi*, 58 AD3d 726 [2009]; *Berliner v Burton*, 283 AD2d 451 [2001]).

The father's remaining contentions are without merit. Eng, P.J., Roman, LaSalle and Barros, JJ., concur.