Bishop v Bishop (2019 NY Slip Op 01553)





Bishop v Bishop


2019 NY Slip Op 01553


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-12785
 (Index No. 53680/12)

[*1]Matthew Bishop, respondent,
v
Jeanene Bishop, appellant.


O'Reilly Stoutenburg Richards LLP, New York, NY (Adam Richards of counsel), for appellant.
Dobrish Michaels Gross LLP, New York, NY (Robert Z. Dobrish and David Elbaum of counsel), for respondent.



DECISION & ORDER
In a related matrimonial action and proceeding for an upward modification of the plaintiff's child support obligation, the defendant appeals from an order of the Supreme Court, Kings County (Eric I. Prus, J.), dated October 6, 2016. The order, without a hearing, granted that branch of the plaintiff's motion which was pursuant to CPLR 3211(a)(7) to dismiss the defendant's petition for an upward modification of the plaintiff's child support obligation, and denied the defendant's cross motion pursuant to Domestic Relations Law § 238 and 22 NYCRR 130-1.1 for an award of counsel fees.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was pursuant to CPLR 3211(a)(7) to dismiss the defendant's petition for an upward modification of the plaintiff's child support obligation, and substituting therefor a provision denying that branch of the plaintiff's motion, and (2) by deleting the provision thereof denying that branch of the defendant's cross motion which was pursuant to Domestic Relations Law § 238 for an award of counsel fees; as so modified, the order is affirmed, with costs to the defendant, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the defendant's petition for an upward modification of the plaintiff's child support obligation and on that branch of the defendant's cross motion which was pursuant to Domestic Relations Law § 238 for an award of counsel fees, and a new determination of that branch of the defendant's cross motion thereafter.
The parties were married on October 17, 2007, and divorced by judgment of divorce dated November 15, 2013. They have two children together. Pursuant to the terms of a stipulation of settlement dated April 29, 2013, which was incorporated but not merged into the judgment of divorce, the plaintiff was directed to pay the sum of $3,000 per month for child support. In April 2016, the defendant filed a petition in the Family Court for an upward modification of the plaintiff's child support obligation (hereinafter the Family Court petition). In May 2016, the plaintiff moved in the Supreme Court to appoint a forensic psychiatrist to determine whether a modification of custody was in the best interests of the parties' children, to transfer the Family Court petition to the Supreme Court, and pursuant to CPLR 3211(a)(7) to dismiss the Family Court petition. The [*2]defendant opposed the motion, and cross-moved pursuant to Domestic Relations Law § 238 for an award of counsel fees with regard to the Family Court petition, and pursuant to 22 NYCRR 130-1.1 for an award of counsel fees based on her contention that the branch of the plaintiff's motion which was to appoint a forensic psychiatrist was frivolous. Thereafter, on consent of the parties, the Supreme Court, in effect, converted the Family Court petition into a post-judgment application in the Supreme Court, and that branch of the plaintiff's motion which was to appoint a forensic psychiatrist was withdrawn. In the order appealed from, the court, without a hearing, granted that branch of the plaintiff's motion which was pursuant to CPLR 3211(a)(7) to dismiss the Family Court petition and denied the defendant's cross motion. The defendant appeals.
The parties' stipulation of settlement, which set forth the plaintiff's child support obligation, was executed after the effective date of the 2010 amendments to Domestic Relations Law § 236(B) and Family Court Act § 451 (see L 2010, ch 182, § 13; hereinafter the 2010 amendments). Since the parties' stipulation of settlement post-dated the 2010 amendments, the defendant was not required to demonstrate a substantial and unanticipated change in circumstances resulting in a concomitant need, or that the stipulation of settlement was not fair and equitable when entered into, to establish her entitlement to an upward modification of the plaintiff's child support obligation (cf. Casler v Casler, 131 AD3d 664, 664-665). Additionally, the parties specifically opted out of those provisions of the Domestic Relations Law which allow for modification when "three years have passed since the order was entered, last modified or adjusted" or "there has been a change in either party's gross income by fifteen percent or more since the order was entered, last modified, or adjusted" (Domestic Relations Law § 236[B][9][b][2][ii][A], [B]). Thus, in order to establish her entitlement to an upward modification of the plaintiff's child support obligation, the defendant had the burden of establishing "a substantial change in circumstances" (Domestic Relations Law § 236[B][9][b][2][i]; Family Ct Act § 451[3][a]; see Matter of Diaz v Smatkitboriharn, 158 AD3d 760, 760-761; Matter of Kolodny v Perlman, 143 AD3d 818, 820; Matter of Lagani v Li, 131 AD3d 1246, 1247-1248; Matter of Pepe v Pepe, 128 AD3d 831, 834).
In determining whether there has been a substantial change in circumstances warranting modification of a parent's child support obligation, the court must consider several factors, including "the increased needs of the children, the increased cost of living insofar as it results in greater expenses for the children, a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children" (Matter of Baumgardner v Baumgardner, 126 AD3d 895, 897; see Matter of Calenda v Calenda, 158 AD3d 625, 626; Matter of Fantel v Stamatatos, 59 AD3d 717, 718). " A substantial change in circumstances may be measured by comparing the parties' financial situation at the time of the application for modification with that existing at the time the order [or judgment] sought to be modified was issued'" (Matter of Kolodny v Perlman, 143 AD3d at 820, quoting Matter of Baumgardner v Baumgardner, 126 AD3d at 897). On an application for modification of child support, a hearing is necessary where the parties' evidentiary submissions disclose the existence of genuine issues of fact (see Schwartz v Schwartz, 153 AD3d 953, 956; Spiegel-Porco v Porco, 127 AD3d 849, 849; Reback v Reback, 93 AD3d 652, 652-653).
Here, the parties' evidentiary submissions raised genuine issues of fact with regard to whether an increased cost of living and expenses related to the children and an increase in the plaintiff's income warranted upward modification of the plaintiff's child support obligation based upon a substantial change of circumstances. Thus, the Supreme Court should have denied that branch of the plaintiff's motion which was pursuant to CPLR 3211(a)(7) to dismiss the Family Court petition (see Matter of Green v Silver, 96 AD3d 843, 845; see also Matter of Bianca J. v Dwayne A., 105 AD3d 574), and should have held a hearing on the Family Court petition.
Based on the foregoing, and given the presumption that counsel fees should be awarded to the less monied spouse (see Domestic Relations Law § 238), the Supreme Court also should have held a hearing on that branch of the defendant's cross motion which was pursuant to Domestic Relations Law § 238 for an award of counsel fees with regard to the Family Court petition. We express no opinion herein as to the merits of that branch of the defendant's motion.
However, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying that branch of her cross motion which was pursuant to 22 NYCRR 130-1.1 for an award of counsel fees based on her contention that the branch of the plaintiff's motion which was to appoint a forensic psychiatrist was frivolous (see Matter of Miller v Miller, 96 AD3d 943, 945). The record does not support a finding that this branch of the plaintiff's motion was frivolous within the meaning of 22 NYCRR 130-1.1(c), notwithstanding that the plaintiff ultimately withdrew this branch of his motion (see id. at 944-945).
The plaintiff's remaining contentions are without merit.
BALKIN, J.P., AUSTIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court