Matter of Matthews v Yu Wei (2025 NY Slip Op 00098)

Matter of Matthews v Yu Wei

2025 NY Slip Op 00098

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2023-12235
 (Docket No. F-4609-22)

[*1]In the Matter of Robert Matthews, appellant,
v
Yu Wei, respondent.

Robert Matthews, Hartsdale, NY, appellant pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Tamra Walker, J.), dated November 21, 2023. The order denied the father's objections to an order of the same court (Sudeep Kaur, S.M.) dated September 26, 2023, which, without a hearing, dismissed his petition for a downward modification of his child support obligation.
ORDERED that the order dated November 21, 2023, is affirmed, without costs or disbursements.
The father and the mother have one child together. Pursuant to an order dated October 6, 2016, the father was directed to pay child support in the amount of $862 per month, in addition to a percentage of certain add-on expenses. In 2022, the father filed a petition for a downward modification of his child support obligation. Thereafter, a support magistrate issued an order dated September 26, 2023, dismissing the petition without a hearing. The father filed objections to the support magistrate's order, contending, inter alia, that the support magistrate erred in failing to hold a hearing. In an order dated November 21, 2023, the Family Court denied the father's objections. The father appeals from the order dated November 21, 2023.
"The party seeking modification of a support order has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (Matter of Nieves-Ford v Gordon, 47 AD3d 936, 936; see Matter of Jean-Baptiste v Jean-Baptiste, 207 AD3d 630, 631; Matter of Camarda v Charlot, 182 AD3d 532, 534). The modification of a support order may also be warranted where "there has been a change in either party's gross income by fifteen percent or more since the order was entered, last modified, or adjusted" (Family Ct Act § 451[3][b][ii]). However, such "reduction in income shall not be considered as a ground for modification unless it was involuntary and the party has made diligent attempts to secure employment commensurate with his or her education, ability, and experience" (id.; see Matter of Vetrano v Vetrano, 177 AD3d 890, 892).
"Whether based upon an alleged change in circumstances or a purported decrease in income of at least 15%, the parent seeking a downward modification of a child support obligation must submit competent proof that the decrease in income occurred through no fault of the parent and the parent has diligently sought re-employment commensurate with his or her earning capacity" (Matter of Bonanno v Bonanno, 222 AD3d 863, 864; see Anderson v Anderson, 102 AD3d 822, [*2]823). Thus, "the proper amount of support is determined not by the parent's current economic situation, but by the parent's assets and earning capacity" (Matter of Jean-Baptiste v Jean-Baptiste, 207 AD3d at 631 [internal quotation marks omitted]).
"On an application for modification of child support, a hearing is necessary where the parties' evidentiary submissions disclose the existence of genuine issues of fact" (Bishop v Bishop, 170 AD3d 642, 644). However, no hearing is required where the applying party fails to make a prima facie showing of a basis for such modification of child support (see Matter of Jean-Baptiste v Jean-Baptiste, 207 AD3d at 631-632; Conway v Conway, 79 AD3d 965, 965-966; cf. Family Ct Act § 451[1]).
Here, the Family Court properly denied the father's objections to the support magistrate's order dismissing his petition for a downward modification of his child support obligation without a hearing (see Matter of Jean-Baptiste v Jean-Baptiste, 207 AD3d at 631; Conway v Conway, 79 AD3d at 966). In particular, the father failed to provide prima facie evidence that the alleged decrease in his income occurred through no fault of his own or that he had made diligent attempts to secure employment commensurate with his earning capacity (see Matter of Jean-Baptiste v Jean-Baptiste, 207 AD3d at 631; Conway v Conway, 79 AD3d at 965).
The father's remaining contentions are without merit.
CHAMBERS, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court